SHARP, Judge.
Denholm appeals from his amended ten year sentence on Count II on the ground that the trial court erroneously increased it after his initial sentence was vacated. We agree and vacate the sentence.
Denholm pleaded guilty to two counts of second degree murder. Originally, he was sentenced to consecutive terms of imprisonment of twenty-five years on Count I and five years on Count II. Each sentence had a three year minimum mandatory term because Denholm used a firearm. However, since the murders arose out of the same criminal episode, Denholm’s Rule 3.850 motion challenging the two mandatory terms was granted. Under such circumstances the mandatory minimum sentences could not be “stacked” or made to run consecutively. Wilson v. State, 467 So.2d 996 (Fla.1985); Palmer v. State, 438 So.2d 1 (Fla.1983).
The trial judge granted Denholm’s motion to correct the sentence on Count II and resentenced him to ten years in prison, consecutive to the first count, with no minimum mandatory portion to run. The record discloses that the judge was seeking to approximate the general sentencing plan of the initial sentence, to arrive at roughly the same length of prison time, taking into consideration “gain time,” “good time,” and early parole. Because resentencing was handled by a different judge than the one who originally sentenced Denholm, the original judge’s intention could only be a matter of speculation in this case.
We do not think the record here meets the test laid down in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). To prevent the vindictive assessment of a harsher penalty in a case'where a defendant has successfully exercised his appeal rights or other post-conviction remedies, the court said the reasons for imposing a harsher or more severe punishment must affirmatively appear in the record:
Those reasons must be based on objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of *35 the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal. (Emphasis supplied).
395 U.S. at 726, 89 S.Ct. at 2081, 23 L.Ed.2d at 670.
Here, the reasons are not based on any factual or objective data relating to the defendant’s subsequent conduct. Further, there is nothing in this record to substantiate the state’s assertion that the ten year term is equivalent to a five year term with a three year mandatory minimum. Accordingly, we vacate the ten year sentence on Count II, and remand for resentencing.
SENTENCE VACATED; REMANDED FOR RESENTENCING.
DAUKSCH and UPCHURCH, JJ., concur.