491 So.2d 313 (1986)
STATE of Florida, Appellant,
v.
Roy Lewis CASTRO, Appellee.
No. 85-2707.
District Court of Appeal of Florida, Second District.
July 9, 1986.
Jim Smith, Atty. Gen., Tallahassee, and Kim W. Munch, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and A. Anne Owens, Asst. Public Defender, Bartow, for appellee.
*314 CAMPBELL, Judge.
Appellant, the State of Florida, appeals the trial court's order declaring section 27.3455, Florida Statutes (1985) unconstitutional in this grand theft case. We reverse.
Appellee was charged with grand theft in violation of section 812.014, Florida Statutes (1985). Appellee was determined to be indigent and the public defender was appointed to represent him. He subsequently pled nolo contendere. The trial court withheld adjudication and placed appellee on probation for one year. As a condition of his probation, appellee was ordered to pay court costs of $200 in accordance with section 27.3455. As a further condition of probation, appellee was ordered to perform seventy-five hours of community service.
Appellee filed a motion to declare section 27.3455(1) unconstitutional on the grounds that: (1) the statute violated article III, section 6 of the Florida Constitution as it embraced more than one subject and that the effect of section 27.3455(1) was to amend section 951.21 (county jail gain-time), section 944.275 (state prison gain-time), and section 939.05 (court costs applicable to indigent defendants) by reference to their title only; and (2) that section 27.3455(1) violates the Fourteenth Amendment to the United States Constitution in that it requires a defendant to perform forced labor because of his inability to pay court costs.
The trial court subsequently determined that section 27.3455 was unconstitutional since its effect was to amend sections 939.05 and 944.275. We find that appellee was without standing to challenge section 27.3455 on the basis of its relationship to either sections 951.21 or 944.275 pertaining to gain-time, inasmuch as appellee was placed on probation and not, therefore, subject to the gain-time statutes.
We also conclude that that part of the trial judge's ruling pertaining to section 939.05 was error. The $200 costs imposed on appellee pursuant to section 27.3455 was made a condition of his probation which could not be enforced effective until such time, if any, as appellee's probation is sought to be revoked because of his failure to perform that condition of probation. At the time of the probation revocation hearing, the trial court will have to consider the application of Jenkins v. State, 444 So.2d 947 (Fla. 1984) and Grimsley v. State, 408 So.2d 1075 (Fla. 2d DCA 1982) and determine whether appellee has the ability to pay any costs imposed prior to the revocation of his probation.
The trial court also erred when it held that 27.3455, in providing for community service in lieu of the imposition of court costs, violated the Fourteenth Amendment to the United States Constitution. The trial court equated community service to a prison work farm. That equation is unjustified. See Johnson v. State, No. 85-2166 (Fla. 2d DCA July 9, 1986).
The provisions of 27.3455, pertaining to community service in lieu of the imposition of court costs, seem to apply in two situations. First, a court could order an indigent defendant placed on probation to perform community service during the term of probation in lieu of the court costs. Alternatively, it could discharge a defendant without payment pursuant to its authority under section 939.05, when the term of probation has expired or the sentence has been otherwise served or complied with. Second, in regard to an indigent defendant sentenced to a prison term and eligible for gain time, the defendant would continue to accrue his gain time and would serve the term of community service at the conclusion of his incarceration.
None of these alternatives infringe upon any of appellee's constitutional rights. Reversed and remanded.
SCHEB, A.C.J., and RYDER, J., concur.