495 So.2d 928 (1986)
Jerome DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-0664.
District Court of Appeal of Florida, Fourth District.
October 15, 1986.
*929 Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert L. Teitler, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
The appellant-defendant violated his probation, as to one charge, and community control as to another, and was sentenced to state prison on each with the terms to run consecutively. The combined terms exceeded the guideline range. Defendant was further ordered to perform 50.3 hours of community service pursuant to section 27.3455(1), Florida Statutes (1985). He contends that section is unconstitutional on several grounds.
The constitutional issues are raised for the first time on appeal. Therefore we consider them only to the extent that appellant alleges the facial unconstitutionality of the statute. See Manning v. State, 461 So.2d 1025 (Fla. 4th DCA 1985). See also Moosbrugger v. State, 461 So.2d 1033 (Fla. *930 2d DCA), aff'd, 472 So.2d 742 (Fla. 1985). We conclude that the statute is not unconstitutional.
Appellant argues that the cost assessment in the statute is unreasonable and an unlawful tax. He contends that it is unrelated to any actual costs incurred and violates the equal protection clause of the Fourteenth Amendment of the United States Constitution. We conclude that there is no reason to view these costs as unreasonable or as a direct tax.
The imposition of costs under this statute has been held to be constitutional in State v. Castro, 491 So.2d 313 (Fla. 2d DCA 1986), and Johnson v. State, 495 So.2d 188, (Fla. 2d DCA 1986). In State v. Champe, 373 So.2d 874 (Fla. 1978), the Florida Supreme Court recognized the power of the legislature to raise revenue by the levy of costs to be used "in a manner designed to further a legitimate public purpose". Id. at 878. The use provided in the statute for reimbursing expenses of public criminal justice agencies is an appropriate public purpose. The statute provides that the costs are to be deposited in a trust fund in each locality to be divided among various agencies involved in the criminal justice system. This is a reasonable classification. The imposition of cost assessments against persons violating penal laws is not a direct tax and is appropriately levied upon those who should be made to share the burdens of these agencies. State v. Young, 238 So.2d 589 (Fla. 1970).
Appellant further asserts that he will be deprived of gain time by the court's order. However, he has failed to provide us with support for this contention in the record. In any event, gain time is only lost, under the terms of the statute, for nonpayment. Where, as here, a defendant is given a community service obligation in lieu of costs due to his indigency there is no reduction of gain time. See Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986).
Appellant also alleges that the imposition of community service constitutes imprisonment for debt. However, community service is not incarceration. State v. Castro; Johnson v. State. Whether defendant might ultimately face incarceration would require consideration of the defendant's willfulness, if any, in failing to comply with the trial court's order. See Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983).
Appellant claims that the Eighth Amendment prohibition in the United States Constitution against cruel and unusual punishment is applicable, since the amount of costs could exceed the amount stolen. However, the provisions of this statute fail to approach any measure of grossly disproportionate severity or unjustifiable penalty as might offend that proscription. See Rhodes v. Chapmen, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); State v. Champe.
Appellant appears to argue in his reply brief the applicability of Jenkins v. State, 444 So.2d 947 (Fla. 1984), and Lawton v. State, 492 So.2d 404 (Fla. 1st DCA 1986), with respect to notice. We find those cases inapplicable where community service is imposed in lieu of costs when a defendant claims indigency.
Appellant also contends that the ex post facto clauses of the United States and Florida Constitutions are applicable. However, having failed to raise these provisions before the trial court, he has waived the right to raise them on appeal, as they do not involve the facial unconstitutionality of the statute. Manning v. State; Alexander v. State, 450 So.2d 1212 (Fla. 4th DCA 1984).
With respect to each of the foregoing issues challenging section 27.3455(1), Florida Statutes (1985), we affirm the judgment and sentence. However, the state concedes the applicability of the sentencing guidelines and that the consecutive sentences were in excess of the guideline range. The trial judge failed to enter written reasons for departure. Therefore, as to this issue we reverse.
*931 AFFIRMED IN PART AND REVERSED IN PART AND REMANDED FOR RESENTENCING IN ACCORDANCE WITH THE PROVISIONS OF THE SENTENCING GUIDELINES.
LETTS and WALDEN, JJ., concur.