PER CURIAM.
The trial court held that Section 27.3455, Florida Statutes (1985) is unconstitutional. We disagree with the trial court’s reasoning, see Gaffney v. State, 497 So.2d 1292 *788 (Fla. 5th DCA 1986); Davis v. State, 495 So.2d 928 (Fla. 4th DCA 1986); Johnson v. State, 495 So.2d 188 (Fla. 2d DCA 1986), but affirm its ruling as to the unconstitutional application to these appellees who were charged with crimes that occurred prior to July 1, 1985, the effective date of Section 27.3455, Florida Statutes (1985). The question of ex post facto application was raised before the trial court and appears in the record, therefore such a claim was not waived. Compare: Johnson v. State, supra. We do however, as we have done in the past, see Moseley v. State, 491 So.2d 336 (Fla. 3d. DCA 1986), certify the following question of public importance to the Supreme Court of Florida.
“Does the application of section 27.3455, Florida Statutes (1985) to crimes committed prior to the effective date of the statute violate the ex post facto provision of the Constitutions of the United States and the State of Florida, or does the statute merely effect a procedural change as is permitted under State v. Jackson, 478 So.2d 1054 (Fla.1985)?”
Affirmed.