508 So.2d 509 (1987)
David M. HARRIEL, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2450.
District Court of Appeal of Florida, Fourth District.
June 10, 1987.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Amy Lynn Diem, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Judge.
David Harriel, appellant, challenges his conviction for both the sale of cocaine and possession of cocaine. Appellant, an indigent, also challenges the assessment of costs pursuant to section 960.20, Florida Statutes (1981) and section 943.25(4), Florida Statutes (1981), as well as the assessment of additional court costs pursuant to section 27.3455(1), Florida Statutes (1985).
Upon review, we find that the trial court properly denied the motion for mistrial pursuant to Meade v. State, 96 So.2d 776 (Fla. 1957), cert. denied, 355 U.S. 920, 78 S.Ct. 351, 2 L.Ed.2d 279 (1958); Cooper v. State, 261 So.2d 859 (Fla. 3d DCA 1972); State v. Murray, 443 So.2d 955 (Fla. 1984); and Kothman v. State, 442 So.2d 357 (Fla. 1st DCA 1983).
We further find no error in allowing the jury to read a transcript of a recorded drug transaction while the tape of that transaction was being played. See Grimes v. State, 244 So.2d 130 (Fla. 1971); Golden v. State, 429 So.2d 45 (Fla. 1st DCA), petition for rev. den., 431 So.2d 988 (Fla. 1983). Accordingly, we affirm the conviction.
We reverse and remand the cause with respect to the assessment of certain costs pursuant to Jenkins v. State, 444 So.2d 947 (Fla. 1984). Although a trial judge may tax these costs against an indigent defendant, it can only do so after due *510 process requirements have been met. In the instant case, the appellant received no prior notice nor was he afforded a full opportunity to object to the assessment of costs provided by section 960.20, Florida Statutes (1981), and section 943.25(4), Florida Statutes (1981). Further, any enforcement of the collection of these costs must occur only after a judicial finding that an indigent defendant has the ability to pay. For these reasons, the assessment of costs was inappropriate and a new hearing upon proper notice is necessary to determine the indigent appellant's ability to pay these costs. See Lawson v. State, 470 So.2d 109 (Fla. 4th DCA 1985).
Finally, we affirm the imposition of additional costs against appellant pursuant to section 27.3455(1), Florida Statutes (1985). Appellant asserts that the application of this section to his case would constitute a violation of the ex post facto clause. However, appellant did not raise this issue in the trial court. Therefore, he has waived the right to raise this issue on appeal, because it does not involve the facial unconstitutionality of the statute. See Davis v. State, 495 So.2d 928 (Fla. 4th DCA 1986).
Accordingly, we affirm appellant's conviction and the imposition of additional costs pursuant to section 27.3455(1), Florida Statutes (1985). We reverse the court costs pursuant to section 960.20, Florida Statutes (1981), and section 943.25(4), Florida Statutes (1981), and remand for a proper hearing with notice and based thereon a determination of his ability to pay.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
DOWNEY and GUNTHER, JJ., concur.