511 So.2d 739 (1987)
Gary Frank VETZEL, Paul Wilford Vetzel, Appellants,
v.
STATE of Florida, Appellee.
Nos. 86-363, 86-1156.
District Court of Appeal of Florida, Fifth District.
August 27, 1987.
James B. Gibson, Public Defender, and James R. Wulchak, Asst. Public Defender, Daytona Beach, for appellants.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph N. D'Achille, Jr., Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Paul and Gary Vetzel, brothers, bring consolidated appeals to challenge their sentences. Paul also challenges the court's imposition of $200.00 in costs pursuant to section 27.3455, Florida Statutes (1985). Section 27.3455 requires the payment of costs before the accrual of gain time.
Paul received a sentence within the guidelines permissible range. After remand from this court and resentencing, Gary likewise was sentenced within the guidelines range. The sentences are therefore affirmed.
The trial court imposed costs on Paul despite entering an order expressly finding him insolvent for the purposes of section 27.3455.[1] At the time of sentencing (June 18, 1986), section 27.3455 required indigents to serve a term of community service in lieu of the imposition of court costs.[2] However, effective October 1, 1986, the legislature amended section 27.3455 which, inter alia, deleted the penalty provisions for the failure or inability to pay costs.[3] Therefore we strike that portion of Paul's sentence which imposes costs.
*740 SENTENCES AFFIRMED, COSTS STRICKEN ON CASE NUMBER 86-1156.
DAUKSCH and ORFINGER, JJ., concur.
NOTES
[1] The court also entered an order of indigency for this appeal.
[2] Outar v. State, 508 So.2d 1311 (Fla. 5th DCA 1987); Lawton v. State, 492 So.2d 404 (Fla. 1st DCA 1986).
[3] The Florida Supreme Court has termed the imposition of a period of community service on indigents unable to pay fees and court costs as a penalty provision. Yost v. State, 507 So.2d 1099, 1100-1101 (Fla. 1987).