GLICKSTEIN, Judge.
Appellant was originally charged and tried for the first degree murder of Bill Alderdice and for the attempted first degree murder of Jim Alderdice. He was convicted of murder in the third degree of Bill Alderdice and of aggravated assault of Jim Alderdice. Due to the use of a misleading jury instruction by the trial court, an appeal was taken to this court. In Doyle v. State, 483 So.2d 89 (Fla. 4th DCA 1986), this court reversed appellant’s conviction for murder in the third degree of Bill Alderdice and remanded for a retrial.
Appellant was then charged by information with murder in the third degree of Bill *189 Alderdice; was tried and the jury returned a verdict finding him guilty. Appellant was sentenced to fifteen (15) years in prison and ordered to serve 50.3 hours of community service pursuant to section 27.3455, Florida Statutes (1985).
This appeal followed. We affirm the conviction and sentence except the requirement of community service, which we reverse.
Appellant’s first point on appeal is that his conviction for murder in the third degree under Florida’s felony murder statute was improper since the underlying felony was not independent and separate from the actual killing. Appellant was charged with and convicted of having committed a third degree murder on the theory that he had killed Bill Alderdice while perpetrating an underlying felony of aggravated battery (stabbing with a knife) on Bill Alderdice. Appellant cites case law from foreign jurisdictions to the effect that the felony murder doctrine does not apply unless the felony committed during the homicide is so distinct from the actual killing that it is not an offense included in the charge of homicide. Appellant’s argument is that since the aggravated battery which formed the underlying felony is not separate and distinct from the homicide in the instant case, appellant’s conviction for murder in the third degree under section 782.04(4), Florida Statutes (1983), was improper. Although appellant notes (and we have confirmed) that there is no Florida case law specifically dealing with the issue whether Florida follows the rule — sometimes denominated the New York rule — that the underlying felony must be separate and independent in order for the third degree felony murder statute to apply, he contends that such a rule may be implied from the Florida Supreme Court’s discussion in Robles v. State, 188 So.2d 789 (Fla.1966), regarding said rule’s application to the Florida first degree felony-murder statute.
Appellant asserts that since section 782.-04(4), Florida Statutes, under which appellant was charged, does not specify the types of felonies for which the third degree felony-murder rule would apply — unlike section 782.04(1), Florida Statutes, which specifically lists the types of felonies that give rise to the first degree felony-murder rule — the Florida Supreme Court’s reasoning for not adopting the New York theory is not applicable thereto. Furthermore, appellant contends that Florida recognizes the “merger concept” whereby the underlying aggravated battery would merge into the homicide and the entire transaction would then have to be analyzed for the presence or absence of the requisite intent, rather than allowing the prosecution to bootstrap all killings from an aggressive act into a murder simply by showing that the assault out of which the death arose was a felony. Although appellant does not make reference to it, the case of Gonzalez v. State, 449 So.2d 882 (Fla. 3rd DCA), rev. denied, 458 So.2d 274 (Fla.1984), seems to support the proposition that a third degree felony murder conviction may not stand where the underlying felony is a necessarily included offense of the felony murder charge. In Gonzalez, the Third District Court of Appeal set aside defendant’s conviction and sentence for third-degree murder by trafficking in narcotics because said crime did not require proof of any additional fact from the underlying felony of trafficking in narcotics. Id. at 886.
The Florida Supreme Court in Mills v. State, 476 So.2d 172 (Fla.1985) stated that aggravated battery is not a lesser included offense of felony murder. Nevertheless, the court proceeded to state:
[W]e do not believe it proper to convict a person for aggravated battery and simultaneously for homicide as a result of one shotgun blast. In this limited context the felonious conduct merged into one criminal act. We do not believe that the legislature intended dual convictions for both homicide and the lethal act that caused the homicide without causing additional injury to another person or property. Hence we vacate the sentence and conviction for aggravated battery.
Id. at *177 (emphasis added). Appellant cites to Mills for the proposition that the underlying aggravated battery merged into *190 the homicide thereby precluding conviction under the third degree felony murder rule. Appellee counters this argument by pointing out that the Florida Supreme Court’s actions in that case were merely intended to avoid a dual conviction for both the homicide and the underlying aggravated battery. Given the fact that the instant case did not pose a dual conviction problem, arguably no merger of the underlying felony and the actual homicide would be required.
We agree with appellee’s analysis of the Mills case and with the contention that in the instant case no merger of the underlying felony of aggravated battery with the homicide is required. The elements of the underlying aggravated battery are (1) use of a deadly weapon (2) during the commission of a battery. The elements of third degree felony murder are (1) the unlawful killing of (2) a human being by (3) a person engaged in the perpetration of, or in the attempt to perpetrate (4) an unspecified felony. Although one could argue that under the Gonzalez analysis the third degree felony murder conviction must be set aside because it is not necessary to prove any additional fact, that case (like Mills) dealt with a dual conviction situation. Because the instant case involved only a conviction for the felony murder charge and not for the underlying aggravated battery, we conclude that the holdings in the Gonzalez and Mills cases are distinguishable.
The only point on appeal which we feel compels reversal is the trial court’s imposition of community service pursuant to section 27.3455, Florida Statutes (1985), because it constituted an ex post facto clause violation. The offense for which the appellant was charged was committed on July 15, 1984 and section 27.3455, Florida Statutes, became effective on July 1, 1985. Appellant acknowledges that he failed to object to the imposition of community service at the trial court level. This court has held that an ex post facto challenge to the application of section 27.3455, Florida Statutes, is waived if not raised before thé trial court as it does not involve the facial unconstitutionality of the statute. Harriell v. State, 508 So.2d 509 (Fla. 4th DCA 1987); Davis v. State, 495 So.2d 928 (Fla. 4th DCA 1986). However, those holdings impliedly contemplate the trial court’s oral pronouncement of intention to impose community service, which pronouncement would occasion the opportunity to raise the challenge before the trial court. No such pronouncement having been made in this case, there was no waiver by appellant.
LETTS and STONE, JJ., concur.