513 So.2d 732 (1987)
Jon Andrew JONES, Etc., Appellant,
v.
STATE of Florida, Appellee.
No. 86-2248.
District Court of Appeal of Florida, Fifth District.
October 1, 1987.
James B. Gibson, Public Defender, Daytona Beach, and Michael L. O'Neill, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellee.
EN BANC.
COBB, Judge.
Jon Jones challenges the imposition of $200 in costs as a condition of probation. Jones claims the costs are improper since he was adjudicated indigent for purposes of trial and there was no determination by the court that he had the ability to pay such costs.
The court has the authority to direct in an order of probation that a presently indigent defendant repay court costs. State v. Byrd, 378 So.2d 1231 (Fla. 1979). However, *733 before the provision for repayment is enforced, a judicial determination must be made that the defendant has the ability to pay. Jenkins v. State, 444 So.2d 947, 950 (Fla. 1984); see also Fuller v. Oregon, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974).
The $200 in costs imposed on Jones as a condition of probation cannot be enforced until such time, if any, that Jones's probation is sought to be revoked because of his failure to perform that condition. At that time, the trial court will have to apply Jenkins and determine whether Jones has the ability to pay any costs imposed prior to the revocation of his probation. See State v. Castro, 491 So.2d 313 (Fla. 2d DCA 1986).[1]
Accordingly, the judgment and sentence entered below are
AFFIRMED.
UPCHURCH, C.J., and DAUKSCH, ORFINGER, SHARP and COWART, JJ., concur.
NOTES
[1] We recede from our prior opinion in Harris v. State, 507 So.2d 1133 (Fla. 5th DCA 1987), insofar as it conflicts with this opinion.