517 So.2d 784 (1988)
Donald Lee HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 87-764.
District Court of Appeal of Florida, Fifth District.
January 7, 1988.
James B. Gibson, Public Defender and Glen Gifford, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Kevin Kitpatrick Carson, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
We will not consider appellant's contention that the trial court erred in assessing costs against him without notice and an opportunity to be heard until that issue is first presented to and ruled upon by the trial court.[1]See Reynolds v. State, 516 So.2d 1094 (Fla. 5th DCA 1987). We therefore affirm the judgment and sentence, except for the imposition of community service in lieu of payment of court costs. Section 27.3455, Florida Statutes (Supp. 1986) abolished the provision of the earlier version of the statute which had required the imposition on indigent defendants of a period of community control in lieu of costs, *785 and was in effect when defendant was sentenced. See Hillyer v. State, 516 So.2d 74 (Fla. 5th DCA 1987); Hansley v. State, 514 So.2d 1135 (Fla. 5th DCA 1987); Vetzel v. State, 511 So.2d 739 (Fla. 5th DCA 1987).
As so modified, the judgment and sentence are
AFFIRMED.
SHARP and COWART, JJ., concur.
NOTES
[1] Similarly, we do not address the question of the defendant's ability to pay until his probation is sought to be revoked because of failure to pay. See Jones v. State, 513 So.2d 732 (Fla. 5th DCA 1987).