520 So.2d 92 (1988)
James MAPPS, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-0529.
District Court of Appeal of Florida, Fourth District.
February 17, 1988.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
*93 STONE, Judge.
The defendant was convicted of first-degree felony murder in a non-jury trial. The underlying felony, specified in the indictment, was aggravated child abuse. In this case, a ten month-old child died of a fractured skull, caused by the defendant throwing, shaking, or striking the child.
Defendant contends that he cannot be convicted of felony murder for a death occurring in the course of committing aggravated child abuse, since the act of abuse was not separate and independent of the killing. The state concedes that there was no specific intent to kill and that the first-degree murder charge was founded entirely on felony murder.
Defendant argues that the conviction cannot stand because the trial court stated that defendant did not intend to kill the child. Intent to kill, however, is not an element of felony murder. § 782.04, Fla. Stat. (1985). See also 2 C. Torcia, Wharton's Criminal Law § 145 (14th ed. 1979).
Aggravated child abuse has been added to the list of specific underlying felonies that support a charge of first degree felony murder. See § 782.04(1), Fla. Stat. (1985). It is committed by an accused who:
(a) commits aggravated battery on a child;
(b) willfully tortures a child;
(c) maliciously punishes a child; or
(d) willfully and unlawfully cages a child.
§ 827.03(1), Fla. Stat. (1985).
Defendant contends that the wording of the indictment, which included a statement that the offense was committed "by intentionally or knowingly causing great bodily harm ...," limited the state to proving that the killing was the result of an aggravated battery which "merged" into the homicide, and could not constitute a valid basis for a felony murder charge.[1]See Robles v. State, 188 So.2d 789 (Fla. 1966).
In Robles, the Florida Supreme Court rejected the argument that an underlying felony must always be independent of the killing as a prerequisite to conviction under the felony murder statute. In People v. Moran, 246 N.Y. 100, 158 N.E. 35 (1927), the New York court had held that a merger occurs, precluding a felony murder conviction, when a killing results from a felonious assault. The Robles court recognized that the New York statute, in Moran, was worded so broadly that all assaults resulting in death could serve as the underlying basis for felony murder. Thus, New York adopted a merger doctrine which precluded conviction for felony murder unless the underlying felony was distinct from the act of killing. The Florida court recognized that, unlike New York, the Florida felony murder statute was limited to certain specific felonies. Therefore, the problem motivating the New York court to adopt the merger doctrine did not exist in Florida.
In Doyle v. State, 513 So.2d 188 (Fla. 4th DCA 1987), this court held that the merger doctrine does not preclude convictions of third-degree felony murder, where aggravated battery is the underlying felony.[2] The Florida Supreme Court has also upheld a third-degree murder conviction where the underlying felony was aggravated child abuse. Mahaun v. State, 377 So.2d 1158 (Fla. 1979). The merger doctrine, however, was not an issue in that case.
It is obvious that our legislature did not intend that the felonies specified in the felony-murder statute merge with the homicide to prevent conviction of the more serious charge of first-degree murder. See Carawan v. State, 515 So.2d 161 (Fla. 1987). We further reject defendant's argument *94 that the felony murder section in question, 782.04(2)(h), is unconstitutional. Cf. Mahaun, 377 So.2d 1158. We conclude, therefore, that the defendant was validly convicted of felony murder founded upon aggravated child abuse.
Additionally, we find no error in denying the motion to suppress defendant's first statement, keeping in mind that the judgment of the trial court on a motion to suppress is presumed correct. McNamara v. State, 357 So.2d 410 (Fla. 1978).
A few hours after the baby died, defendant was taken to the police station and interviewed. He made a statement without being warned pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). This statement, which was essentially exculpatory, was used in trial as impeachment.
The evidence supports a conclusion that the statement was voluntary and that a reasonable person would have felt free to leave the station. There was no coercion. Defendant was not a suspect at the time of the initial questioning, as the autopsy had not been conducted and the cause of death was not known. The police did not yet know that a crime had been committed, but were attempting to determine the circumstances of death. After the interview the defendant went home.
Simply because the questioning occurred at the station does not require a finding by the court that the interview constituted custodial interrogation. See Oregon v. Mathiason, 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977); Drake v. State, 441 So.2d 1079 (Fla. 1983), cert. denied, 466 U.S. 978, 104 S.Ct. 2361, 80 L.Ed.2d 832 (1984); Williams v. State, 403 So.2d 453 (Fla. 1st DCA 1981), rev. denied, 412 So.2d 471 (Fla. 1982). Since police officers are not required to administer warnings in the absence of "custodial interrogation", the court did not err in denying defendant's motion.
Defendant further asserts that the court erred in admitting certain autopsy slides into evidence. During the trial, these slides were introduced over the objection that a discovery violation occurred. Defense counsel asserted that he had not previously seen the slides and that the state failed to bring them to his attention. Additionally, defendant argues that the court's inquiry into this issue was inadequate under Richardson v. State, 246 So.2d 771 (Fla. 1971). After a review of the record, we conclude that the trial court could determine that the slides had been disclosed and made available to the defense, and that there was no discovery violation.
The defense had demanded discovery of "photographs," but no separate demand was made for "slides." Both are "still" pictures. There is no requirement that the state specify, in response to the demand for discovery, that there are "slides" available for inspection in addition to "photographs." The state insists that all photographs, including these slides, were made available to counsel at the time of the inspection.
The defense says that the state had a duty to specifically bring the slides to their attention. The state, however, alleged that the defense did not even seek copies of the items furnished for inspection, and that it was up to defense counsel to insure that they had reviewed all of the evidence produced for inspection. Furthermore, the slides were specifically mentioned in the autopsy report furnished to the defense.
The trial court offered the defendant the opportunity to review the slides in advance of their introduction. The defense declined this offer and insisted that the only remedy should be their exclusion from evidence. We recognize that the trial court, in overruling the objection, did not expressly find that no discovery violation occurred. However, this determination is implicit in the colloquy on the record. In any event, a sufficient hearing was conducted to meet the Richardson requirements and to satisfy the trial court that the state had acted in good faith, and that there was no prejudice that could not be cured short of excluding evidence. See Justus v. State, 438 So.2d 358 (Fla. 1983), cert. denied, 465 U.S. 1052, 104 S.Ct. 1332, 79 L.Ed.2d 726 (1984). Consequently, we *95 find no error or abuse of discretion in the admission of the autopsy slides.
Defendant also argues that the court did not use the phrase "aggravated child abuse," but simply "child abuse," in the finding of guilt. This was not required, and, in any event, the court did find that the defendant was guilty as charged.
The state concedes error in the imposition of costs. With respect to the other issues raised, we find no merit.
The judgment and sentence are, therefore, affirmed, except that all costs in the judgment are hereby stricken.
GLICKSTEIN and DELL, JJ., concur.
NOTES
[1] The state notes that a statement of particulars was furnished to the defendant specifying the methods of committing the child abuse charged. In addition to reciting some elements of aggravated battery in the indictment, it also included willful torture and malicious punishment. The court did not specify which elements constituted the basis for his factual determination of guilt. See Lightbourne v. State, 438 So.2d 380 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984).
[2] In this case, as in Robles and Doyle, there is no issue of a dual conviction of both the homicide and the underlying felony. See Mills v. State, 476 So.2d 172 (Fla. 1985), cert. denied, 475 U.S. 1031, 106 S.Ct. 1241, 89 L.Ed.2d 349 (1986).