520 So.2d 271 (1988)
David M. HARRIEL, Petitioner,
v.
STATE of Florida, Respondent.
No. 70852.
Supreme Court of Florida.
February 25, 1988.
Richard L. Jorandby, Public Defender and Tanja Ostapoff, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and Amy Lynn Diem, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
We have for review Harriel v. State, 508 So.2d 509 (Fla. 4th DCA 1987), because of express and direct conflict with Ramsey v. State, 507 So.2d 742 (Fla. 2d DCA 1987), and Webber v. State, 497 So.2d 995 (Fla. 5th DCA 1986), approved, 509 So.2d 926 (Fla. 1987). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution.
The district court held that the petitioner could not attack on appeal the imposition of costs assessed under section 27.3455, Florida Statutes (1985), because he failed to object to their imposition in the trial court. Since that time, we decided Mays v. State, 519 So.2d 618 (Fla. 1988), and held that the due process concerns of Jenkins v. State, 444 So.2d 947 (Fla. 1984), apply to the imposition of costs under section 27.3455.
Accordingly, the decision below is quashed with respect to costs assessed under section 27.3455 with the understanding that upon remand to the trial court, such costs may be assessed in accordance with our opinion in Mays. Otherwise, we approve the decision of the district court of appeal.
It is so ordered.
*272 McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.