PER CURIAM.
The defendant appeals his sentence claiming a) an inappropriate upward departure from sentencing guidelines, b) the illegal imposition of community service in lieu of payment of court costs, and c) the erroneous imposition of appellate court costs. We agree with each of his contentions and reverse the order with directions to resentence him within the proper sentencing guidelines and vacate those portions of the order inappropriately imposing costs.
In the original information the defendant was charged with possession of cocaine and delivery of cocaine to a person under eighteen years of age. By amended information, he was further charged with attempted sale of cocaine to a person under eighteen. Defendant entered a guilty plea only to the charge of attempted sale of cocaine to a person under eighteen years of age, which offense constituted a second-degree felony. The state entered a nolle prosequi on the remaining charges. The penalty under appropriate sentencing guidelines was any non-state prison sanction. Below is a summary of the trial court’s findings:
The defendant being before this court for sentencing and the court finding clear and convincing reasons to depart from the uniform sentencing guidelines lists the following:
1) The form of the cocaine in this case was free-based, more commonly referred to as “crack” or “rock.” This factor is not already calculated into the guidelines.
2) The attempted sale in this case to a minor of this form of a controlled substance having a highly addictive property could have more deleterious effect than normally contemplated by guidelines or statute. Total disregard of the consequences of the act as well as the act as distinguished above justified departure.
Based on these determinations, the court imposed a five-year term of imprisonment upon the defendant.
We find the two reasons assigned for the departure were both invalid because each involved inherent components of the offense [attempted sale of cocaine to a person under the age of eighteen years] for which the defendant was convicted. State v. Mischler, 488 So.2d 523, 525 (Fla.1986).
The court erred in imposing community service following the defendant’s term of imprisonment in lieu of payment of court costs. Hill v. State, 517 So.2d 784 (Fla. 5th DCA 1988) recognized that section 27.3455, Florida Statutes (Supp.1986) abolished the earlier version of that statute which had required the imposing on an indigent of a period of community control in lieu of costs.
Finally, the trial court erred when it imposed appellate court costs upon the defendant despite the fact that he had been adjudicated insolvent. See Clibum v. State, 510 So.2d 1155, 1156 (Fla. 3d DCA 1967).
The state confesses error as to each issue.
For the foregoing reasons, the sentencing order which imposed community service in lieu of court costs upon the completion of the defendant’s state prison term as well as the imposition of appellate court costs *1081 must be vacated. The upward sentencing departure is reversed with directions to resentence the defendant within applicable sentencing guidelines.
It is so ordered.