536 So.2d 369 (1988)
Frederick CAMP, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1118.
District Court of Appeal of Florida, Fifth District.
December 29, 1988.
*370 James B. Gibson, Public Defender and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
DANIEL, Judge.
The motion to withdraw filed by the Public Defender, Seventh Judicial Circuit, is granted. However, the assessment of court costs in the amount of $5,000 as a condition of probation was improper as the circuit court did not give proper notice and conduct a hearing to determine if defendant, who was adjudicated indigent, had the ability to pay those costs. This court at one time refused to review alleged due process violations concerning costs imposed on an indigent defendant as a condition of probation on the basis that a defendant would be entitled to a subsequent hearing on his ability to pay before probation could be revoked for failure to pay the costs. See Jones v. State, 513 So.2d 732 (Fla. 5th DCA 1987). However, Jones v. State, supra, has been superseded by Harriel v. State, 520 So.2d 271 (Fla. 1988) and Mays v. State, 519 So.2d 618 (Fla. 1988). See Morgan v. State, 527 So.2d 968 (Fla. 5th DCA 1988). Therefore, the court costs are stricken and the case is remanded for the trial court at its own discretion to assess costs as a condition of probation after proper notice and a hearing. In all other respects, the orders of probation are affirmed.
SHARP, C.J., and COBB, J., concur.