DANIEL, Judge.
Defendant, Edward Frazier, appeals his sentence and orders of probation for five counts of burglary of a structure, two counts of grand theft, and one count of burglary of a dwelling. On November 21, 1986, defendant entered a plea of guilty to five counts of burglary of a structure, two counts of grand theft, and one count of burglary of a dwelling. The trial court initially sentenced defendant on these charges to a term of seventeen years imprisonment followed by a term of thirty years probation. On direct appeal this court vacated defendant’s judgment of sentence based upon the finding that the trial court had improperly calculated defendant’s scoresheet and we remanded the matter to the trial court for resentencing, 515 So.2d 1061. On remand, the trial court resentenced defendant to a term of twelve years imprisonment followed by a term of thirty-five years probation.
On appeal, defendant contends that the trial court, by increasing his total period of probation from thirty years to thirty-five years, violated his right to due process as set forth in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) and as recognized by this court in Pilgrim v. State, 516 So.2d 75 (Fla. 5th DCA 1987) and Denholm v. State, 477 So.2d 34 (Fla. 5th DCA 1985). Contrary to the assertion of the defendant, the ruling in North Carolina v. Pearce is not implicated in the instant case because the trial court, in resentencing the defendant, did not impose a harsher or more severe punishment. Rather, the trial court (1) reduced the sen *229 tence on the defendant’s burglary of a dwelling conviction from fifteen years imprisonment to twelve years imprisonment; (2) vacated the defendant’s sentence of two years imprisonment on one of his burglary of a structure convictions and imposed a term of five years probation; and, (3) maintained the total period of government supervision over defendant at forty-seven years. See Blackshear v. State, 531 So.2d 956 (Fla.1988).
Accordingly, we affirm the defendant’s sentence, but noting a disparity between the record order of probation and the judgment and sentence entered by the trial court, we direct that the orders of probation be corrected to reflect a total of thirty- ' five years of probation.
AFFIRMED and REMANDED.
DAUKSCH and COWART, JJ., concur.