546 So.2d 762 (1989)
Daniel Josiah BRYANT, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1300.
District Court of Appeal of Florida, Fifth District.
July 13, 1989.
*763 James B. Gibson, Public Defender, and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Laura Griffin, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
Daniel J. Bryant urges that the trial court erred in enhancing his convictions for aggravated assault with a deadly weapon (a firearm) from third degree to second degree felonies pursuant to section 775.087(1), Florida Statutes (1987). The state concedes error based upon Perez v. State, 431 So.2d 274 (Fla. 5th DCA 1983), approved, 449 So.2d 818 (Fla. 1984) and other cases.
The appellant also asserts that court costs of $225.00 were imposed upon him without notice and an opportunity to be heard contrary to Harriel v. State, 520 So.2d 271 (Fla. 1988) and Mays v. State, 519 So.2d 618 (Fla. 1988). Irrespective of whether costs are assessed under sections 960.20, 943.25, 27.56, or 27.3455, Florida Statutes (1987), the court must provide adequate notice of such assessment to the defendant with a full opportunity to be heard and to object. Jenkins v. State, 444 So.2d 947, 950 (Fla. 1984). Not being afforded this procedural due process is fundamental error and, as a result, no contemporaneous objection is needed to preserve the issue for appellate review. Henriquez v. State, 545 So.2d 1340 (Fla. 1989). Additionally, a judicial finding of ability to pay must be made prior to "any enforcement of the collection of those costs" or before payment is enforced. Mays at 619; Jenkins at 950; Fuller v. Oregon, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974).
The record reveals that Bryant was notified that costs would be imposed against him during the sentencing hearing. Bryant and his appointed counsel made no objections at the time even though they could have done so then or later. Accordingly, we affirm the imposition of the costs, reverse the enhancement of the third degree felony convictions, and remand for resentencing.
AFFIRMED in part, REVERSED in part, and REMANDED.
SHARP and COWART, JJ., concur.