ORFINGER, Judge.
Appellant was charged with and convicted of four separate counts of sale of cocaine, and each of these counts was paired with another count of possession of cocaine (the same cocaine as in the paired charge of sale) with intent to sell and deliver. The crimes were alleged to have been committed in August and September, 1985.
On appeal, appellant contends that he cannot be convicted of both sale of cocaine and possession of the same cocaine with intent to sell and deliver. Because the offenses were committed prior to July 1, 1988, and on authority of the recently decided case of State v. Smith, 547 So.2d 613 (Fla.1989), we must agree.[1]
The sale convictions are affirmed. The possession convictions are reversed. Because the elimination of points for the vacated convictions reduces the recommended guidelines sentence, the cause is remanded for resentencing.
We also vacate the award of costs as a condition of probation which was entered without notice to the defendant and an opportunity to be heard, see Harriel v. State, 520 So.2d 271 (Fla.1988); Mays v. State, 519 So.2d 618 (Fla.1988). On remand, the court may reconsider imposing costs after proper notice and hearing.
AFFIRMED in part, REVERSED in part and REMANDED.
DANIEL, C.J., and COBB, J., concur.

. As rioted in Smith, the legislative amendment to section 775.021(4), Florida Statutes (Supp. 1988) which became effective July 1, 1988 would alter the result here, but the amendment is not to be given retroactive effect, and thus does not apply to crimes committed prior to the effective date of the statute. Instead, Carawan v. State, 515 So.2d 161 (Fla.1987) applies, and requires reversal of the possession charges.