560 So.2d 264 (1990)
Richard CLARK, Appellant,
v.
STATE of Florida, Appellee.
No. 89-863.
District Court of Appeal of Florida, Fifth District.
April 5, 1990.
Rehearing Denied May 8, 1990.
James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
Appellant alleges it was error for the trial court to impose costs against him without notice or an opportunity to be heard.
Appellee concedes that it was error under the cases cited by appellant. Harriel v. State, 520 So.2d 271 (Fla. 1988); Mays v. State, 519 So.2d 618 (Fla. 1988); Morgan v. State, 527 So.2d 968 (Fla. 5th DCA 1988); Morris v. State, 524 So.2d 494 (Fla. 5th DCA 1988). However, says the state, we should recede from Morgan and Morris and issue an opinion in conflict with Harriel and Mays. In support of its position the state cites United States v. Cooper, *265 870 F.2d 586 (11th Cir.1989) and United States v. Rivera-Velez, 839 F.2d 8 (1st Cir.1988), both of which hold that no violation of any indigent person's rights occur until the state seeks to enforce payment of court-assessed costs. See also United States v. Pagan, 785 F.2d 378 (2nd Cir.), cert. denied, 479 U.S. 1017, 107 S.Ct. 667, 93 L.Ed.2d 719 (1986). The law is well-set in Florida that notice and a hearing are necessary, Wood v. State, 544 So.2d 1004 (Fla. 1989); this court is not the one to change it. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
The order assessing costs is reversed. If the court seeks to impose costs again then it may do so after proper notice to appellant and an opportunity given him to be heard.
Costs order REVERSED.
W. SHARP and HARRIS, JJ., concur.