PER CURIAM.
Thomas Bush appeals his convictions for first degree murder, robbery, and burglary. We conclude that there was no discovery violation, see Mapps v. State, 520 So.2d 92, 94 (Fla. 4th DCA), review denied, 528 So.2d 1182 (Fla.1988); Denny v. State, 404 So.2d 824, 825 (Fla. 1st DCA 1981), and thus the trial court did not err with respect to Richardson v. State, 246 So.2d 771 (Fla.1971). With regard to the fourth amendment issue, it is uncontroverted on this record that Bush consented to go to the police station to answer questions in connection with the police investigation. Un *1301 der the circumstances, there was no illegal arrest which would taint Bush’s statements. See Roman v. State, 475 So.2d 1228, 1231 (Fla.1985), cert. denied, 475 U.S. 1090, 106 S.Ct. 1480, 89 L.Ed.2d 734 (1986); see also Mapps v. State, 520 So.2d at 94. The cases Bush principally relies on, Dunaway v. New York, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979), and B.S. v. State, 548 So.2d 838 (Fla. 3d DCA 1989), are factually dissimilar and not controlling here. The fact that the trial court felt there was an articulable suspicion with respect to Bush does not negate the volun-tariness of Bush’s conduct. The trial judge’s suppression of one pre-Miranda * warning statement, which was evidently done in an abundance of caution, does not on this record constitute the functional equivalent of a finding that Bush was at that time under custodial arrest. Insofar as the one statement is concerned, Bush may have been the recipient of a favorable ruling to which he was not strictly entitled, but the denial of the balance of the motion to suppress was entirely correct.
Affirmed.

 Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).