DANIEL, C.J.
Defendant, James A. Laster, Jr., appeals, pro se, from the order of the trial court resentencing him on his convictions for sexual battery upon a person less than twelve years of age, section 794.011(2), Florida Statutes (1985), and lewd and lascivious assault upon a child, section 800.04, Florida Statutes (1985).
In September of 1985, defendant pleaded guilty to committing the offenses of sexual battery upon a person less than twelve years of age and lewd and lascivious assault upon a child. The trial court sen *537 tenced defendant to a term of life imprisonment on the sexual battery conviction and a concurrent term of seven years imprisonment on the lewd and lascivious assault conviction. On direct appeal, this court concluded that the trial court had erred in sentencing defendant and therefore reversed defendant’s sentence and remanded the case for resentencing. Laster v. State, 486 So.2d 88 (Fla. 5th DCA 1986). On remand, the trial court resentenced defendant to a term of ninety-nine years imprisonment with a twenty-five year mandatory minimum on the sexual battery conviction and a concurrent term of thirty months imprisonment on the lewd and lascivious assault conviction. Defendant thereafter filed with the trial court a motion to correct sentence pursuant to rule 3.850 of the Florida Rules of Criminal Procedure. In the motion, defendant asserted that his sentence was illegal. The trial court granted defendant’s motion for relief and then re-sentenced defendant to a term of life imprisonment with a twenty-five year mandatory minimum on the sexual battery conviction and a concurrent term of seven years imprisonment on the lewd and lascivious assault conviction. Defendant appeals this sentence.
Defendant argues that it was error for the trial court to impose sentence on the sexual battery conviction without first preparing a sentencing guidelines score-sheet. This argument is devoid of merit because the crime of sexual battery upon a child less than twelve years of age is a capital felony and, therefore, the sentencing guidelines do not apply. See § 921.001(4)(a), Fla.Stat. (1985). See also Laster v. State, 486 So.2d 88 (Fla. 5th DCA 1986); Brosz v. State, 466 So.2d 256 (Fla. 5th DCA 1985).
Defendant next argues that the trial court erred in failing to prepare a sentencing guidelines scoresheet before imposing sentence on his conviction for lewd and lascivious assault. We agree. See Worthington v. State, 501 So.2d 75 (Fla. 5th DCA 1987); Davis v. State, 493 So.2d 82 (Fla. 1st DCA 1986). Accordingly, defendant’s sentence is vacated and this matter remanded for resentencing on that charge.
Defendant also argues that his sentence should be reversed because the trial court violated his right to due process. Specifically, defendant argues that, in resentenc-ing him, the trial court improperly imposed an increased sentence in violation of the principle set forth in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
As noted above, the trial court vacated defendant’s sentence of ninety-nine years imprisonment on the sexual battery conviction and thirty months imprisonment on the lewd and lascivious assault conviction and then resentenced defendant to a term of life imprisonment with a twenty-five year mandatory minimum on the sexual battery conviction and a term of seven years imprisonment on the lewd and lascivious assault conviction. Since this resentencing resulted from defendant’s pursuit of his right to be sentenced according to applicable law, the principle enunciated in North Carolina v. Pearce must be consulted. Blackshear v. State, 531 So.2d 956 (Fla.1988); Wemett v. State, 547 So.2d 955 (Fla. 1st DCA 1989). See also Frazier v. State, 540 So.2d 228 (Fla. 5th DCA 1989); Denholm v. State, 477 So.2d 34 (Fla. 5th DCA 1985).
In North Carolina v. Pearce, the Supreme Court ruled that due process prohibits increased sentences motivated by vindictive retaliation by the sentencing court. To prevent vindictiveness from entering into a sentencing court’s decision and to allay any fear on the part of a defendant that an increased sentence is, in fact, the product of vindictiveness, the Court fashioned a prophylactic rule that whenever a more severe sentence is imposed upon resentencing, the reason for the increase must affirmatively appear in the record. North Carolina v. Pearce, 89 S.Ct. at 2081. This rule creates a presumption of vindictiveness which may be overcome only by objective information in the record justifying the increased sentence. United States v. Goodwin, 457 U.S. 368, 102 S.Ct. 2485, 2489, 73 L.Ed.2d 74 (1982).
*538 The issue for determination in the instant appeal thus becomes whether there is objective information in the record justifying defendant’s increased sentence. First, the record clearly rebuts the presumption of vindictiveness concerning the sentence imposed by the trial court on defendant’s sexual battery conviction since the sentence imposed, life imprisonment with a mandatory minimum of twenty-five years imprisonment, is authorized and mandated by statute. See § 775.082(1), Fla. Stat. (1985). As for the sentence imposed by the trial court on defendant’s lewd and lascivious assault conviction, we have already determined that this sentence must be reversed and, therefore, we need not reach this issue. On remand, however, the trial court is directed to comply with the mandate in Pearce.
Finally, defendant argues that the trial court’s order directing him to pay court costs must be reversed because he was not afforded proper notice and an opportunity to be heard. We agree. Henriquez v. State, 545 So.2d 1340 (Fla.1989); Wood v. State, 544 So.2d 1004 (Fla.1989); Mays v. State, 519 So.2d 618 (Fla.1988); Jenkins v. State, 444 So.2d 947 (Fla.1984). See also Clark v. State, 560 So.2d 264 (Fla. 5th DCA 1990); Rowe v. State, 558 So.2d 174 (Fla. 5th DCA 1990). Accordingly, the order assessing costs must be reversed and this matter remanded with permission for the trial court to impose costs after proper notice and a hearing.
AFFIRMED in part; REVERSED in part; REMANDED.
COBB and COWART, JJ., concur.