PER CURIAM.
Following a negotiated plea agreement, defendant was convicted of dealing in stolen property and grand theft, and received concurrent split sentences of three years incarceration followed by two years probation. Costs and restitution were imposed as special conditions of defendant’s probation. The costs were imposed without adequate notice or opportunity to object and therefore must be stricken. See Harriel v. State, 520 So.2d 271 (Fla.1988); Mays v. State, 519 So.2d 618 (Fla.1988); Jenkins v. State, 444 So.2d 947 (Fla.1984); Clark v. State, 560 So.2d 264 (Fla. 5th DCA 1990).
Because defendant expressed a willingness to make restitution at the change of plea hearing and did not protest the amount imposed at sentencing or otherwise object based on his financial circumstances, the issue on appeal concerning the trial court’s alleged failure to consider defendant’s ability to pay restitution has been waived. See Dickens v. State, 556 So.2d 782, 785. (Fla. 2d DCA 1990); Hamrick v. State, 532 So.2d 71 (Fla. 1st DCA 1988). See also § 775.089(7), Fla.Stat. (1989). However, we note a discrepancy between the amount of restitution orally imposed at sentencing ($1,000) and the amount in the probation order ($1,350). This discrepancy was not raised as an issue on appeal and the defendant is not precluded from seek *630 ing correction of the probation order in the trial court.
The costs are stricken and the case is remanded to the trial court for an opportunity to reimpose same after adequate notice is given. In all other respects, the judgment and sentences are affirmed.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
DAUKSCH, COWART and GRIFFIN, JJ., concur.