569 So.2d 829 (1990)
William Adrian BURGESS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-8.
District Court of Appeal of Florida, Fifth District.
November 1, 1990.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, W., Judge.
Burgess appeals the sentences he received after being convicted of two counts of sale of cocaine in violation of sections 893.13(1)(a)(1) and 893.03(2)(a)(4) and the imposition of costs without notice. We quash the sentence and strike the order imposing costs.
*830 Burgess' score of 85 points placed him in the second bracket of the sentencing guidelines: Community control or 12 to 30 months in prison. Without giving any reasons for departure, the trial judge sentenced him to two concurrent sentences of 6 months incarceration followed by 2 years on community control. These were clearly departure sentences unauthorized by the guidelines. State v. VanKooten, 522 So.2d 830 (Fla. 1988).
The state argues that the trial judge's pronouncements at sentencing should control, and that the written sentences merely contain a clerical error. The trial judge at one point in the sentencing hearing placed Burgess on community control for 30 months, with 6 months to be served in county jail. The judge later changed his mind and imposed the split sentences reflected in the written sentencing orders, 6 months incarceration followed by 2 years community control. Although it is not a departure from the second bracket to impose a county jail term as a condition of community control, see Tillman v. State, 555 So.2d 940 (Fla. 5th DCA 1990), that was not the sentence actually imposed, and no clerical error is apparent.
The trial judge abruptly imposed court costs ($232.50) and investigative costs ($200.00) at the sentencing hearing, after his second attempt to pronounce sentence. (Three different sentences were orally announced at the sentencing hearing.) No objection was made by Burgess or defense counsel. Nor did the trial court give Burgess the right to challenge the costs within a certain time. Compare Bull v. State, 548 So.2d 1103 (Fla. 1989).
To uphold the propriety of the cost award, the state cites Bryant v. State, 546 So.2d 762 (Fla. 5th DCA 1989). In Bryant, the court upheld a cost award because "[t]he record reveals that Bryant was notified that costs would be imposed against him during the sentencing hearing." Id. at 763. No such prior notice is apparent in this record.
Accordingly, the cost awards must be stricken as improper because of lack of notice. Harriel v. State, 520 So.2d 271 (Fla. 1988); Jenkins v. State, 444 So.2d 947 (Fla. 1984). Failure to object to costs at the sentencing hearing does not foreclose a defendant from raising this issue on appeal. Harriel.
Costs STRICKEN; sentence QUASHED; cause REMANDED.
GOSHORN and HARRIS, JJ., concur.