HARRIS, Judge.
On October 18, 1989, Ronald and Amy Fasset returned home and found two Hispanic males, Jesus Rodriguez a/k/a Jesus Munos and a companion, holding guns leaving their house. The two men took the Fassets into the house, demanded money, and threatened to kill them. The victims were beaten and their car was stolen. The Fassets identified appellant and Vincente Silva from a photographic lineup.
The State charged appellant with armed robbery, armed burglary, grand theft, and kidnapping. Appellant pled nolo conten-dere as charged in exchange for a mid-range guidelines sentence. The trial court sentenced appellant to incarceration for 25 years on all four counts with a three year mandatory minimum on the armed robbery. Appellant appealed claiming that the trial court erred in imposing costs without notice, in sentencing him to 25 years on a third degree felony, and in sentencing him to a mandatory minimum on the armed robbery count.
A trial court cannot impose costs without notice and an opportunity to be heard. Harriel v. State, 520 So.2d 271 (Fla.1988); Camp v. State, 536 So.2d 369 (Fla. 5th DCA 1988). The trial court did not mention costs at the plea hearing, and there is no notice in the record. The assessment of costs must be reversed.
Grand theft is a third degree felony punishable by a maximum of five years. § 775.082, Fla.Stat. (1989). The judgment and sentence reflect a term of 25 years on this count. This was error and a new sentence is required.
Although appellant told the trial judge that only the codefendant was armed, he pled to armed robbery as a part of a negotiated plea to minimize his overall sentence. He specifically pled “as charged” to an information alleging that he was armed, and never moved to withdraw his plea. The court correctly assessed the minimum mandatory sentence.
AFFIRMED in part; REVERSED in part and remanded for resentencing on grand theft and reconsideration of the imposition of costs.
DAUKSCH and COBB, JJ., concur.