PER CURIAM.
Appellant, Timothy Alston (“Alston”), appeals his sentence as a habitual offender. We reverse.
After a jury found Alston guilty of arson, the State filed its notice to seek an enhanced habitual offender sentence. At the sentencing hearing, Alston objected to an enhanced sentence, arguing that he did not meet the statutory criteria. At this hearing, the trial court allowed the State a continuance to further research the issue.
When the hearing resumed, the State argued for enhancement because Alston was convicted of a cocaine charge in 1992, less than five years before this conviction. Announcing that Alston was on the “cusp” of being a habitual offender, the trial court *1001 sentenced Alston to a non-habitual offender sentence within the sentencing guidelines:
THE COURT: I’m not telling you [Mr. Alston] is a choir boy or qualifies as the rabbi of the synagogue. He doesn’t. He also is very, very slim picking as an H.O. and I feel very uncomfortable with sentencing him as an habitual offender. I guess it’s up to me.
I’m not going to sentence him as a habitual offender, I want to hear exactly what the guidelines are.
[[Image here]]
THE COURT: This is what I’m going to do, sentence him to — I’m going to sentence him to forty-one months in State prison and credit for time served.
Alston was given an opportunity to speak in open court. The record reveals:
THE COURT: Do you want to say anything, I’m sorry?
THE DEFENDANT: According to my research, my calculation, I don’t calculate nothing about [sic] nine months.
THE COURT: Your calculations are wrong, Mr. [Alston], you’re skating on thin ice, you’re about to snatch defeat from jaws of victory. I would not tell me about your calculations, you are not a lawyer. THE DEFENDANT: According to—
THE COURT: Okay?
THE DEFENDANT: According to the guidelines, only calculate to [sic] nine months.
THE COURT: I’ll re-evaluate that habitu-alize [sic] offender then now. I’m extremely offended by Mr. [Alston]’s behavior.
THE DEFENDANT: You asked me what—
[[Image here]]
THE COURT: I feel uncomfortable right now. I’ll tell you Mr. [Alston] has just evidenced such a nasty temper, I’m worried now and I’m going to re-evaluate my thinking on this.
THE DEFENDANT: I’m just expressing my—
THE COURT: Take him out, I’ll sentence him tomorrow morning.
THE DEFENDANT: No need asking me to express myself if you come off like that, you know.
When the sentencing hearing reconvened, the trial court entered an enhanced sentence of ten years as a habitual offender:
THE COURT: Mr. Alston I had stated on the record I felt was just on the cusps [sic] of being a habitualized offender. I didn’t feel comfortable sentencing him as a habit-ualized offender. After I decided and announced I was sentencing him to the top of the guidelines ... at this point Mr. Alston in a very angry fashion had a discussion with the Court and gave me a look and after Mr. Alston did that I wanted to have a night to review the facts in this case and to think about this decision.
[[Image here]]
Since he does qualify and since I have seen that he has shown no remorse in this case and his temper seems to be out of control, I’m going to sentence him as a habitualized offender.
On appeal, Alston asserts that because he exercised his First Amendment right to free speech, the trial court punished him by enhancing his sentence. The State contends the trial court was justified in' enhancing Alston’s sentence based upon the anger he exhibited at the sentencing hearing.
Due process prohibits a court from vindictively increasing a defendant’s sentence. See North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Otherwise, fear of an increased sentence in retaliation to a defendant’s comments or actions may unconstitutionally silence a defendant. Accordingly, an increased sentence must be justified by objective information contained in the record. United States v. Goodwin, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982); Laster v. State, 564 So.2d 536 (Fla. 5th DCA1990).
Habitual offender status is statutorily defined. See § 775.084(l)(a), Fla.Stat. (1995). Either a defendant meets the statutory criteria or he does not.
*1002 Here, the trial court clearly determined that Alston did not meet the criteria. Yet, alter the trial court invited Alston to speak, it changed its mind and sentenced Alston based on anger and dirty looks.
Nothing in the record objectively justifies the trial court’s 180° turnabout determination that Alston qualifies as a habitual offender. We reverse the sentence with instructions to reinstate the original stated and contemplated guidelines sentence of forty-one months.
Reversed with instructions.