PER CURIAM.
Appellants entered pleas of guilty to offense of making or uttering a false prescription, contrary to Section 893.13(3)(a), Florida Statutes (1975). Appellants were adjudicated guilty of the offense. Imposition of sentence was withheld and appellants were placed on probation for a period of five years. As a condition of probation, Bracey was ordered to spend nine (9) months in county jail, whereas Cochran was ordered to spend eleven (11) months and twenty-nine (29) days in county jail. Appellants urge the trial court erred by not allowing appellants credit for time spent in county jail prior to entry of the order of probation.
Section 921.161(1), Florida Statutes (1975), provides:
“A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.”
Under Section 948.01(3), Florida Statutes (1975), the trial court is authorized to stay and withhold imposition of sentence, and place a defendant on probation. The court may, as a condition of probation, order that the defendant spend a specified period of time in jail. Section 948.03, Florida Statutes (1975). State v. Jones, 327 So.2d 18 (Fla.1976).
We do not believe Section 921.161(1), Florida Statutes-(1975), is applicable in the present situation. The order of probation does not constitute an imposition of sentence necessitating applicability of Section 921.161(1).
Accordingly, the trial court did not err in refusing to allow credit for time served against the jail term imposed as a condition of probation.
The judgments and sentences are AFFIRMED.
MILLS, Acting C. J., and ERYIN and BOOTH, JJ., concur.