387 So.2d 498 (1980)
Don Alton ADAMS, Petitioner,
v.
STATE of Florida, Respondent.
No. 80-638.
District Court of Appeal of Florida, Fifth District.
August 27, 1980.
Don Alton Adams, pro se.
Jim Smith, Atty. Gen., Tallahassee, and Edward M. Chew, Asst. Atty. Gen., Daytona Beach, for respondent.
ORFINGER, Judge.
Adams alleges in his petition for writ of habeas corpus that he was placed on probation for five years conditioned on his serving one year in the Brevard County Jail. He asserts that he is entitled to statutory gain time as a county prisoner.[1]
The flaw in this argument is that the imposition of a short term of imprisonment as a special condition of probation is not a "sentence." State v. Williams, 237 So.2d 69 (Fla. 2d DCA 1970); Bracey v. State, 356 So.2d 72 (Fla. 1st DCA 1978).
... Thus there is a clear distinction between a sentence on the one hand, which must be preceded by an adjudication of guilt, and conditions of probation on the other hand, which can be imposed independently of an adjudication of guilt and imposition or pronouncement of sentence. (Emphasis in original.) Williams, supra, at 70.
Rule 3.790, Florida Rules of Criminal Procedure, prohibits pronouncement and imposition of sentence of imprisonment upon a defendant who is to be placed on probation regardless of whether the defendant has or has not been adjudicated guilty. Trial courts have general authority to require incarceration as a condition of probation for felony offenses pursuant to the general condition provisions of section 948.03, Florida Statutes (1979). State v. Jones, 327 So.2d 18, 24 (Fla. 1976).
In this case the order of probation does not constitute the imposition of sentence necessitating the application of section 951.21(1).
Petition DENIED.
DAUKSCH, C.J., and SHARP, J., concur.
NOTES
[1] Section 951.21(1), Fla. Stat. (1979).