THOMPSON, Judge, specially
concurring.
I concur with the majority opinion as it relates to the appellant’s constitutional argument on resentencing. I agree with the conclusion reached by the majority on the maximum sentence that may be imposed but disagree with their interpretation of Villery. In my judgment, the supreme court in Villery did clearly distinguish between true split sentences imposed pursuant to § 948.01(4), Fla.Stat. and incarceration as a condition of probation imposed by order pursuant to § 948.01(3), Fla.Stat., when it said that:
Two basic alternatives are available to the trial judge at the time of sentencing. He may either sentence the defendant or he may place him on probation.
We agree with the District Court of Appeal, Third District, in McGowan v. State, supra, that incarceration as a condition of probation does not constitute a sentence. See also Olcott v. State, 378 So.2d 303 (Fla. 2d DCA 1979); Bracey v. State, 356 So.2d 72 (Fla. 1st DCA 1978). A sentence and probation are discrete concepts which serve wholly different functions.
396 So.2d at 1110
Probation with or without incarceration as a condition of probation may be ordered pursuant to § 948.01(3) with or without an adjudication of guilt. But in either case the trial court stays or withholds the imposition of sentence on a defendant. The appellant in this case received a true split sentence pursuant to § 948.01(4), not an order of probation. The sentence received provided in part as follows:
it is the sentence of the law and judgment of the court that you be committed to the custody of the Division of Corrections of the State of Florida to be imprisoned for the term of five years, after serving two years of said sentence, balance to be suspended, with credit for two days jail time (1-10-78 to 1-11-78) then placed on three years probation.
Relying on the emphasized language from Villery in the majority opinion, i. e., “nor may the court impose a sentence of imprisonment for a period of time in excess of the original total term of probation,” the appellant contends that he can only be re-sentenced to a maximum term of three years (i. e., the original term of probation), less credit for the time previously served.
At first glance, the appellant’s position appears to be supported by an isolated reading of the emphasized language in Villery. However, as noted above, a careful reading of Villery readily shows that in some portions of the opinion, the court refers to true split sentences, while in other portions, the court refers to “incarceration as a condition of probation, also known as the split sentence probation alternative.” 396 So.2d at 1109. Given this context, Villery’s prohibition against imposing a sentence of imprisonment in excess of the original total term of probation can only apply to incarceration as a condition of probation.* This construction of Villery is fully supported by the fact that when the supreme court discusses the preceding prohibition, the court prefaces its discussion by stating that “[accordingly, one who has been given a split sentence probation [i. e., incarceration as a condition of probation] contrary to the mandate of this decision is entitled ... to have the illegal order [not sentence] corrected.” 396 So.2d at 1111-12. (emphasis supplied) The court then states that the trial court, “[i]n *40 correcting the order [not sentence], ... [may not] impose a sentence of imprisonment for a period of time in excess of the original total term of probation.” Id. at 1112. (emphasis supplied)
To ignore this construction of Villery would result in ludicrous consequences. For example, assume that a defendant received a true split sentence of 35 years, with the provision that after having served 30 years in prison, the balance of the sentence would be suspended and the defendant would be placed on probation for five years. Under the argument advanced by the appellant, when this defendant moves to correct his sentence pursuant to Villery, the trial court, after withdrawing the original sentence, could only sentence the defendant to five years imprisonment. It cannot be inferred that the Florida Supreme Court could have possibly intended such a result. In correcting a true split sentence, the trial court may impose any sentence of imprisonment not exceeding the total term of the original sentence in prison and the probation imposed, less credit for time previously served. Lewis v. State, 402 So.2d 482, 485 (Fla. 2d DCA 1981).
In support of this construction, it might also be pointed out that the emphasized language relied on by the appellant is a verbatim repetition of a portion of the original Villery decision reported at 396 So.2d 1107, 1112. In the original opinion, the court was considering only facts which involved incarceration as a condition of probation under § 948.01(3), and not a true split sentence. When the court prohibited the imposition of “a sentence of imprisonment for a period of time in excess of the original term of probation,” the court was referring only to a limitation on the trial court when it resentenced a prisoner because of “an illegal probation order ... . ” 396 So.2d at 1112. This prohibitive language was carried over to Villery revisited, but it is not applicable to a true split sentence. ' • •

 For instance, assume that before Villery, a defendant was placed on probation for five years, with the condition that he be incarcerated for the first two years. After Villery, the trial court could withdraw this order of probation and sentence the defendant to spend up to five years in prison (i. e., the original total term of probation), less credit for time previously served.