SCHEB, Acting Chief Judge.
In a letter to the trial court, James Chap-pie asserted that he had been sentenced to 364 days in jail followed by probation, but had not been given credit for the five months he was incarcerated prior to sentencing. The trial court treated the letter as a motion to correct sentence and denied the motion without a hearing. We treat *104 the trial court’s action as a denial of a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850.
A defendant sentenced to a period of incarceration is entitled to credit for all time served prior to sentencing. § 921.-161(1), Fla.Stat. (1983). We find that Chap-pie has made a prima facie showing of entitlement to relief.[1] Tomlinson v. State, 477 So.2d 30 (Fla.2d DCA 1985). In denying Chappie’s motion the trial court did not attach sufficient portions of the record to refute Chappie’s allegations, as is required under rule 3.850.
Accordingly, we reverse and remand with directions that the trial court either determine and award the correct amount of jail credit accruing to Chappie or support the denial of the motion with sufficient portions of the record. See Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982). If the trial court again denies the motion Chappie must file a notice of appeal within thirty days to obtain further appellate review.
OTT and DANAHY, JJ., concur.

. We are aware of the decision in Bracey v. State, 356 So.2d 72 (Fla.lst DCA 1978), which holds that a person incarcerated as a condition of probation is not "under sentence” for purposes of credit-time pursuant to section 921.161. However, we are unable to determine from the record whether the appellant's jail term was imposed as a condition of probation or whether he is serving a true “split sentence.”