486 So.2d 528 (1986)
Peter V. VAN TASSEL, Petitioner,
v.
Maurice COFFMAN, Sheriff of Santa Rosa County, Florida, Respondent.
No. 68037.
Supreme Court of Florida.
Petition for Writ of Habeas Corpus December 20, 1985.
Opinion February 27, 1986.
Rehearing Denied May 6, 1986.
R. Larry Morris, of Emmanuel, Sheppard and Condon, Pensacola, for petitioner.
Jim Smith, Atty. Gen. and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for respondent.

ON PETITION FOR WRIT OF HABEAS CORPUS
The petition of Peter V. Van Tassel for a writ of habeas corpus is granted and Peter V. Van Tassel shall be discharged from the custody of Maurice Coffman, Sheriff of Santa Rosa County, Florida, subject, except to incarceration as a condition thereto, to the terms and conditions of the order of probation entered by Judge George E. Lowrey on February 8, 1985. An opinion of this court further explaining the reasons for the granting of this writ will follow in due course.

OPINION
McDONALD, Justice.
Peter Van Tassel filed with this Court a petition for habeas corpus claiming that he was being illegally detained by the respondent sheriff. We issued the writ and advised that an opinion would follow.
On February 9, 1985 a trial court adjudged Van Tassel guilty of lewd and lascivious acts upon a child. As a criminal penalty therefor, the judge placed him on probation for ten years, but as a condition thereof required him to serve 364 days in jail. Van Tassel agrees that he has not served the 364 days, but avers that the designated time should be shortened by provisions of the gain time statute set forth in section 951.21 or 944.275, Florida Statutes (1983). There is no issue that, if applicable, Van Tassel has earned enough ordinary gain time under either statute to be discharged.
We are thus confronted with the issue of whether a defendant whose probation is conditioned upon serving time in jail may have that conditional time shortened by operation of the gain time statute or whether shortened time is the exclusive domain of the sentencing judge.[*] The *529 Fifth District Court of Appeal has, in at least three opinions, held that gain time is not a matter of right in a situation like this because a probation order is not a "sentence." William v. Lamar, 414 So.2d 1179 (Fla. 5th DCA 1982); Heatherington v. State, 388 So.2d 1354 (Fla. 5th DCA 1980); Adams v. State, 387 So.2d 498 (Fla. 5th DCA 1980). The First District Court of Appeal held in Bracey v. State, 356 So.2d 72 (Fla. 1st DCA 1978), that jail time as a condition of probation was not a "sentencing" which requires credit for prior time served (section 921.161(1), Florida Statutes), and the Second District Court of Appeal ruled in State v. Williams, 237 So.2d 69 (Fla. 2d DCA 1970), that a similar penalty disposition was not a sentence to the extent of allowing the state to appeal.
In State v. Jones, 327 So.2d 18, 24 (Fla. 1976), we stated: "We hold that the trial courts of this state have the general authority to require incarceration as a condition of probation for felony and misdemeanor offenses pursuant to the general conditions of Section 948.03, Florida Statutes." The actual holding in Jones, however, was that a defendant placed on probation pursuant to section 948.01(4), Florida Statutes (1973), who subsequently violates that probation may be sentenced to imprisonment by the trial judge for the same period of years as the court could have originally imposed, without the necessity of establishing a term of sentence and withholding a part of it at the initial sentencing proceedings. The quoted statement was not essential to that holding and was dicta. In Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla. 1980), we considered the issue of a prisoner's eligibility for parole when he or she had been incarcerated as a special condition of probation. In Villery we stated that incarceration as a condition of probation does not constitute a sentence and declined to construe a probation condition of incarceration as a sentence for the limited purpose of eligibility for parole under section 947.16(1), Florida Statutes (1979). After making these pronouncements, the majority opinion held that incarceration, pursuant to the split sentence alternatives found in sections 948.01(4) and 948.03(2), which equals or exceeds one year is invalid and stated that this applies to incarceration as a condition of probation as well as to incarceration followed by a specified period of probation. The dissent disagreed with the finding that a probation order was not a sentence.
The 1983 legislature passed the "Correction Reform Act of 1983." Chapter 83-131, Laws of Florida, section 13 thereof, provided for the use of community control. It also interpolated subsections (4) to (7) and renumbered subsections (4) to (6) as subsections (8) to (10). Section 948.01(8) now reads:
Whenever punishment by imprisonment for a misdemeanor or a felony, except for a capital felony, is prescribed, the court, in its discretion, may, at the time of sentencing, direct the defendant to be placed on probation or, with respect to any such felony, into community control upon completion of any specified period of such sentence. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant and direct that the defendant be placed upon probation or into community control after serving such period as may be imposed by the court. The period of probation shall commence immediately upon the release of the defendant from incarceration, whether by parole or gain-time allowances.

(Emphasis supplied.)
The last sentence alleviated one of the main concerns the Court had in Villery as to the responsibility for supervision of prisoners going from a jail sentence to probation. It reenacted the split sentence authorization which we had limited in Villery. We now construe that sentence to *530 also indicate a legislative intent to grant gain time to the prison punishment of all offenders, whether by the historic straight sentence, the now authorized split sentence, or probation which contains a condition of imprisonment. There is now little difference between the latter two. The defendant is in jail. His freedom is curtailed. If, indeed, the purpose for jail as a condition of probation is to give the defendant a taste thereof, that taste should include the rewards of good time off to the same extent that his cellmate serving a straight sentence has. It was never intended, or even contemplated, that probation would be a more severe punishment than incarceration in a state institution. This is the effect, however, when a sentencing judge can sentence one to one year in county jail with no reduction in time for good behavior. Thus, we now hold that a probation order which includes incarceration as a condition thereof becomes a sentence for the purpose of earning gain time under section 951.21. Van Tassel, having earned the ordinary gain time of five days per month for his 364 days, was entitled to be discharged.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
NOTES
[*] The trial judge had in 1981 issued an administrative order prohibiting the application of gain time to an order of confinement when that order was a condition of probation. That order has not always been applied and Van Tassel argues that an estoppel to apply the order in his case is in order. We do not address that issue.