JOANOS, Judge.
David Waters appeals an order denying his motion to strike probation conditions and the sentence rendered against him. Waters argues that the trial court erred by 1) denying appellant’s motion to strike conditions of his probation which forbid him to drive, and associate with a specified person, and 2) by instructing the sheriff’s office that appellant is not to be credited for gain time while incarcerated at the Duval County Jail.
On February 16,1984, pursuant to a plea agreement, appellant pled guilty to vehicular homicide, leaving the scene of an accident with injuries, and grand theft. He was sentenced, as agreed, to concurrent terms of 30 months in prison for vehicular homicide and leaving the scene of an accident, and ten years probation (five years probation for grand theft and five years probation for burglary), to be served consecutive to the prison term. The special conditions of the probationary terms included that appellant refrain from obtaining a driver’s license and driving a motor vehicle during the entire ten year probationary period.
Appellant was charged with violation of probation in September 1986 because he was arrested for driving with a suspended license and expired tag. On December 10, 1986, appellant filed a motion to strike conditions of probation and to correct order of probation on grounds that the special conditions, that appellant surrender his driver’s license and not drive an automobile during the ten year period, were not reasonably related to rehabilitating him for either grand theft or burglary, and that therefore these conditions were illegal. The trial court denied appellant’s motion. In denying appellant’s motion to strike conditions, the court specifically found that the theft charge was reasonably related to the vehicular homicide and that the burglary occurred several months prior to the grand theft which showed a pattern of criminality and demonstrated that the defendant needed supervision to monitor his activities. The court further found that the conditions relating to the driving of a motor vehicle are connected with rehabilitation. Specifically, the court found that the defendant could not steal thirty-nine cartons of cigarettes and a case of Bic lighters while on foot or riding a bicycle; rather, a motor vehicle was necessary to carry out that burglary. Appellant entered a plea of no contest to the violation of probation charges, specifically reserving the right to appeal the denial of his motion to strike. He was sentenced to two years community control, 364 days to be served in the county jail to be followed by one year, one month and twenty-nine days probation on the violation of probation for grand theft, and to a consecutive five year probationary term on the violation of probation for the crime of burglary.
When the court sentenced appellant for violating his probation, the court specifically stated that the appropriate punishment would be for Mr. Waters to serve 364 days in jail with no credit for good and gain time. Appellant is now in the Duval County Jail serving this sentence and no credit for gain time is being applied to his sentence. A recommended sentence under the guidelines for this conviction was any non-state prison sanction to thirty months in prison. The court added three new conditions to the new sentence, no consumption of alcoholic beverages at any time, avoidance of bars or any establishment whose primary source of business is the sale of alcohol, and no association with Richard Cooper.
After careful consideration of the record we affirm the trial court as to issue one. Only the probation condition which forbids association with Richard Cooper merits discussion. Section 948.03(l)(i), Florida Statutes, permits the courts to require as a condition of probation or community control that a probationer not associate with “persons engaged in criminal activities.” The record reflects that Cooper was a codefendant in appellant’s burglary offense. Also, a witness testified that Coo *680 per and appellant were seen drinking together at a bar, while appellant was on probation, after which both, fairly intoxicated, were seen getting into Cooper’s car with appellant again driving, in violation of probation conditions. Based on this information, the trial court found that Cooper was a bad influence and would not assist appellant in rehabilitating himself to lawful behavior. We agree with the state that appellant has not shown this condition to be unreasonable, or inconsistent with appellant’s convictions. See Heatherly v. State, 343 So.2d 54 (Fla. 4th DCA 1977); Almond v. State, 350 So.2d 810 (Fla. 4th DCA 1977), cert. denied 358 So.2d 128 (Fla.1978).
However, in his second issue, appellant correctly argues that Van Tassel v. Coffman, 486 So.2d 528 (Fla.1986), requires that he be allowed good and gain time while incarcerated. In Van Tassel, the supreme court held a probation order that includes incarceration as a condition becomes a sentence for the purpose of earning gain time under section 951.21, Florida Statutes. We find the rationale of Van Tassel applies to the facts of this case where, as a condition of community control, appellant was sentenced to a jail term with no eligibility for gain time. Because we find appellant’s sentence to be illegal, we reverse appellant’s sentence and remand for resentencing. At resentencing, the trial court may restructure the sentence so that the amount of time appellant is incarcerated is consistent with the amount of time the trial court intended to be served.
The sentence is, therefore, reversed and remanded for resentencing consistent with this opinion.
ERVIN and BARFIELD, JJ., concur.