523 So.2d 789 (1988)
Mack Henry GRINER, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2104.
District Court of Appeal of Florida, Fifth District.
April 21, 1988.
James B. Gibson, Public Defender and James R. Wulchak, Chief, Appellate Division, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
After adjudging defendant guilty of burglary of a structure, the trial court placed defendant on probation for a period of 5 years, on the condition that he serve 51 weeks in the county jail. The sole issue on appeal is whether defendant is entitled to credit for the 94 days he spent in the county jail prior to adjudication. The trial court refused to grant jail time credit and defendant appeals. We reverse.
Defendant contends that without such credit his incarceration will exceed the statutory permissible time in county jail as well as exceeding the sentencing guidelines recommended sentence. He also maintains that the decision of Van Tassel v. Coffman, 486 So.2d 528 (Fla. 1986) rejects the view that a probation order is not a "sentence" and that to deny credit would violate the concerns articulated in Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981) concerning extended incarceration as a condition of probation. The State maintains that Van Tassel is limited to the issue of gain time for defendants serving sentences in jail as a condition of probation and points out that Villery has been statutorily overruled.
Section 921.161(1), Florida Statutes (1987), governs credit for county jail time after sentence and provides:
A sentence of imprisonment shall not begin to run before the date it is imposed, *790 but the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.
In Bracey v. State, 356 So.2d 72 (Fla. 1st DCA 1978) the First District held that this subsection did not apply to incarceration as a condition of probation because court ordered probation did not constitute an imposition of sentence.
While a number of decisions have held that a probation order is not a sentence in varying contexts, see, e.g., Villery (incarceration as condition of probation is not a sentence rendering the defendant eligible for parole consideration); Brown v. State, 463 So.2d 1230 (Fla. 1st DCA 1985) (imposition of sentence of incarceration on probation violator is not double jeopardy since order placing defendant on probation in first instance was not a sentence),[1] in Van Tassel v. Coffman, supra, our supreme court rejected such distinction in considering the question of gain time for probationers. The court, noting that the legislature amended Chapter 948 to provide the split sentence authorization which had been limited in Villery and, by mentioning gain time therein:
... indicate[d] a legislative intent to grant gain time to the prison punishment of all offenders, whether by the historic straight sentence, the now authorized split sentence, or probation which contains a condition of imprisonment. There is now little difference between the latter two. The defendant is in jail. His freedom is curtailed. If, indeed, the purpose for jail as a condition of probation is to give the defendant a taste thereof, that taste should include the rewards of good time off to the same extent that his cellmate serving a straight sentence has. It was never intended, or even contemplated, that probation would be a more severe punishment than incarceration in a state institution. This is the effect, however, when a sentencing judge can sentence one to one year in county jail with no reduction in time for good behavior.
486 So.2d at 530.
This language is a strong indication that the supreme court does not favor a construction of the word "sentence" to exclude an order of probation where such construction has the effect of rendering probation a more onerous punishment than incarceration in a state institution. See also State v. Bolyea, 520 So.2d 562 (Fla. 1988) (court ordered probation constitutes "custody under sentence" for purpose of seeking post-conviction relief under Florida Rule of Criminal Procedure 3.850).
Following the logic of Van Tassel, we can discern no reason for denying credit for prior jail time to one confined as a condition of probation. A trial court is limited to imposing up to 364 days' incarceration in the county jail as a condition of probation on a felony conviction, § 948.03(7), Florida Statutes (1987). Refusing to allow credit for time spent in jail prior to adjudication could result in incarceration for a greater period than allowed by statute, where, as here, the defendant has already spent 94 days in the county jail prior to adjudication and is required to spend an additional 51 weeks. In addition, as in Van Tassel, we would have the anomalous situation that a prisoner sentenced to 364 days in the county jail as a sentence alternative under section 921.187(1)(e) and section 922.051, Florida Statutes (1987) following a felony conviction would receive credit for prior jail time, while a prisoner in the next cell serving an identical term of 364 days as a condition of probation, would not. We find nothing that authorizes such disparate treatment.
As to the effect of the sentencing guidelines on this issue, Committee Note (d)(8) to the 1985 amendments to the guidelines, Florida Rule of Criminal Procedure 3.701, states that a nonstate prison sanction, which was the presumptive sentence here, *791 "allows the court the flexibility to impose any lawful term of probation with or without a period of incarceration as a condition of probation, a county jail term alone or any nonincarcerative disposition." The denial of credit to the defendant here would result in the anomaly that he will serve well in excess of one year in confinement without the necessity of a valid reason for departure so as to bring the case within the next higher cell (12-30 months' incarceration). Beside running afoul of the language of the guidelines, see Committee Note, 1985 Amendment, (d)(12) "The total sentence shall not exceed the guideline sentence, unless the provisions of paragraph 11 [Departures] are complied with", leaving the question of credit for time served to the discretion of the trial court, as the State would apparently have us do under the instant facts, is entirely inconsistent with the goal of uniformity in sentencing sought by the guidelines.
We reverse the order of probation insofar as it denies credit to the defendant for the 94 days' jail time served pending trial and disposition, and remand the case to the trial court with directions to allow credit for such time.
REVERSED and REMANDED.
SHARP, C.J., and DAUKSCH, J., concur.
NOTES
[1] This distinction derives in part from section 948.01(3), Florida Statutes (1987) which provides that in placing a defendant on probation, Florida courts must "withhold the imposition of sentence."