543 So.2d 343 (1989)
Richard Joseph WILLIS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1534.
District Court of Appeal of Florida, First District.
May 10, 1989.
Jeffrey P. Whitton, Panama City, for appellant.
Robert A. Butterworth, Atty. Gen., Bradford L. Thomas, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant challenges the lower court's failure to credit jail time against the period of incarceration which was imposed as a condition of community control for the offense of attempted armed robbery with a deadly weapon. This court has previously indicated that credit is not required in such circumstances. See Bracey v. State, 356 So.2d 72 (Fla. 1st DCA 1978). This approach was consistent with the rationale of the supreme court's subsequent ruling in Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla. 1980). However, the court subsequently receded from Villery and suggested in Van Tassel v. Coffman, 486 So.2d 528 (Fla. 1986), that there should be no significant difference between incarceration as a condition of probation and other sentencing alternatives involving incarceration. While Van Tassel directly addressed entitlement to gain time, it has been construed to also require credit for jail time when a period of incarceration is imposed as a condition of probation. See Griner v. State, 523 So.2d 789 (Fla. 5th DCA 1988); see also, e.g., Kemp v. State, 526 So.2d 214 (Fla. 5th DCA 1988); Meyers v. State, 524 So.2d 745 (Fla. 5th DCA 1988). We likewise adopt this reasoning, and determine that appellant's jail time should have been credited against the period of incarceration which was imposed as a condition of his community control.
The order appealed is reversed and the cause remanded for the court to credit jail time as indicated herein.
ERVIN and BOOTH, JJ., concur.