PETERSON, Judge.
Samuel Stites raises only one issue on appeal: the imposition in the probation order of an obligation to pay fifty dollars to the “drug abuse fund.” Imposition of this obligation was error since notice that this cost would be imposed was not provided to him prior to or during the hearing. See Jenkins v. State, 444 So.2d 947 (Fla.1984); Burgess v. State, 569 So.2d 829 (Fla. 5th DCA 1990). We vacate the probation order for that reason and also because it orders Stites to serve a three-year period of incarceration in the Department of Corrections as a condition of his probation. The maximum period of incarceration that may be imposed as a condition of probation is less than one year. Villery v. Florida Parole & Probation Comm’n, 396 So.2d 1107 (Fla.1980).[1] Although Stites did not raise this *1114 latter issue, the appellate court may correct sua sponte a fundamental sentencing error which is apparent on the face of the record. See Goss v. State, 398 So.2d 998 (Fla. 5th DCA 1981).
We therefore vacate the sentence and probation order and remand for resentenc-ing with notice of costs if they are to be imposed. Upon remand, the trial court may use the sentencing principles and alternatives set forth in Poore v. State, 531 So.2d 161 (Fla.1988). If the court wishes to impose a period of incarceration as a condition of probation, it must be for a period of less than one year in the county jail. Vil-lery, supra.
Judgment AFFIRMED; sentence VACATED; REMANDED for resentencing.
SHARP, W., and GRIFFIN, JJ„ concur.

. Villery was superseded in part by statute. See Griner v. State, 523 So.2d 789 (Fla. 5th DCA 1988); Brown v. State, 460 So.2d 427 (Fla. 5th DCA 1984); see also Van Tassel v. Coffman, 486 So.2d 528 (Fla.1985). However, Villery’s holding regarding the maximum period of incarcera *1114 tion that may be imposed as a condition of probation has not been superseded.