PER CURIAM.
Because the trial judge orally promised appellant jail time credit and because appellant is entitled to such credit as a matter of law,[1] we reverse that portion of the defendant’s sentence which fails to give him credit for time served in the county jail before sentencing. On remand the trial court shall determine the exact credit for jail time before sentencing and amend the written sentence to provide such credit against the 270 days appellant is required to serve in the county jail as a specific condition of community control.
SENTENCED VACATED; CAUSE REMANDED.
COBB, COWART and DIAMANTIS, JJ., concur.

. See Willis v. State, 543 So.2d 343 (Fla. 1st DCA 1989). See also Griner v. State, 523 So.2d 789 (Fla. 5th DCA 1988), Kemp v. State, 526 So.2d 214 (Fla. 5th DCA 1988); Meyers v. State, 524 So.2d 745 (Fla. 5th DCA 1988) (all holding that defendant is entitled to credit for time served in jail awaiting his trial and disposition as against jail term imposed as condition of probation).