HARRIS, Judge,
concurring specially:
I agree that the conviction was appropriate. I further agree that this court in Carroll v. State, 523 So.2d 787 (Fla. 5th DCA 1988) and Greer v. State, 605 So.2d 178 (Fla. 5th DCA 1992) seems to have extended the Griner holding that jail credit is appropriate if the jail credit together with the jail sentence imposed as a condition of probation or community control exceeds 364 days. Although the reported facts of Carroll and Greer are insufficient to make a definitive analysis, the cases seem to hold that credit for time served is now required in this district against any jail term imposed as a condition of probation.
Even so, I would remand for resentenc-ing rather than merely strike almost a third of this “object lesson” sentence[1] and direct the trial court to resentence under the principles announced in Wood v. State, 582 So.2d 751 (Fla. 5th DCA 1991).

. Appellant was convicted of aggravated assault and carrying a concealed firearm after he aimed his vehicle at three people and after shots were fired from his vehicle as the victims’ fled. The trial judge, perhaps because of the health of appellant, chose to sentence him to community control on the aggravated assault charge and probation on the firearm charge. He did require appellant to spend 25 weekends (Friday 7:00 p.m. until Sunday, 5:00 p.m.) in jail as a condition of community control. Since the trial judge specifically refused to credit appellant with his 15 days time served before sentencing, it is apparent that the judge initially intended to sentence him to 25 weekends plus time served. I would permit him to do that on remand.