THOMPSON, J.
G. Calvin Belt appeals the denial of his Rule 8.850 motion for post-conviction relief. In his motion, he sought relief oh three grounds, two of which merit discussion: (1) he was improperly sentenced as an habitual traffic offender for felony driving while license suspended, a violation of section 322.34(2)(b), Florida Statutes (1995), when the statute specifically excludes habitual traffic offenders from its coverage; and (2) his probation was improperly violated because he should have received 120 days credit for time served in jail as a condition his one year term of probation, and if he had, his probation would have expired before he allegedly violated his probation. The trial judge denied the motion, stating only “case is resolved.”
Belt was sentenced pursuant to section 322.34(2) which states that .any person whose driver’s license has been revoked pursuant to section 322.264 (habitual offender) and who drives any motor vehicle upon the highways of the state while such license is revoked upon: (a) a first conviction is guilty of a misdemeanor of the first degree, punishable as provided in section 775.082 or section 775.083.(b) a second or subsequent conviction is guilty of a felony of the third degree, punishable as provided in section 775.082, section 775.083, or section 775.084. Although Belt was convicted of driving with a suspended license on April 19, 1993, December 13, 1994 and December 1996, the state does not allege that his license had been revoked pursuant to section 322.264 prior to his previous convictions.
Under this statute, Belt could only be convicted of a first degree misdemeanor for his first offense after having his license revoked as an habitual offender. As the court in State v. Harvey, 693 So.2d 1009 (Fla. 4th DCA 1997), acknowledged, although it may seem inconsistent to punish an habitual traffic offender with a shorter period of time than a non-habitual traffic offender, the statute does increase the habitual offender’s penalty by revoking his or her license for a longer period of time. The legislature subsequently amended the section by enacting chapter 97-300, § 40, Laws of Florida, effective October 1, 1997. The amended statute does not apply to Belt who committed his offense on March 23,1997.
Belt’s driving record indicates that his license was revoked as an habitual traffic offender on either February or December 29, 1997. There are no other convictions between February 29,1997 and the date of Belt’s current offense, March 23, 1997. If Belt was not found to be an habitual traffic offender until December 20, 1997, as charged in the amended information, he was not driving with a license suspended *388 as an habitual traffic offender. If he was habitualized in February, then this case represents his first offense under section 322.34(2), and Belt could only be convicted of a first degree misdemeanor.
Belt’s second issue also has merit. Belt was sentenced as follows: “Jail (Condition of Probation) The defendant is to serve 120 days in the Orange County Jail with credit for 118 days. This count is to run concurrent with each count Probation The defendant is placed on 1 years(s) Supervised Probation under the supervision of the Department of Corrections. This Probation is to run concurrent with each count.” Belt’s sentences were imposed on July 18, 1997, so a year from that date, less 118 days credit for time served, would end on or about March 11, 1998. The state acknowledges that the affidavit of violation was not filed until June 12, 1998. A trial court is without jurisdiction to revoke a defendant’s probation when the affidavit of violation is not filed until after the term of probation has expired. See Francois v. State, 695 So.2d 695 (Fla. 1997); Jett v. State, 722 So.2d 211 (Fla. 1st DCA 1998); Harris v. State, 720 So.2d 1145 (Fla. 3rd DCA 1998); Bostwick v. State, 703 So.2d 1160 (Fla. 2d DCA 1997); McGraw v. State, 700 So.2d 183 (Fla. 4th DCA 1997); Fellman v. State, 673 So.2d 155 (Fla. 5th DCA 1996).
The state contends that Belt’s probation did not expire until July, 1998. This construction of his sentence ignores the language indicating that the jail time was a condition of the probation and the award of 118 days credit. The record before this court does not refute Belt’s claim on this issue. Because the record before this court does not refute Belt’s claims, we reverse the trial court’s order and remand for the trial court to either grant Belt’s motion or attach documents or conduct an evidentiary hearing to establish that Belt is entitled to no relief.
REVERSED AND REMANDED with instructions.
COBB and GRIFFIN, JJ., concur.