PER CURIAM.
In these appeals, which we have consolidated, Carlos Graham challenges the sentences imposed by the trial court. In case number 98-772 (Cir.Ct. no. 97-654), Graham also raises an issue concerning his objection at trial to the State’s exercising a peremptory strike on a black juror during the jury selection process. We find no merit to Graham’s argument on this issue, and accordingly affirm the judgments. We conclude, however, that the trial court erred in imposing the sentences, and therefore, reverse and remand for resen-tencing.
Graham appeared before the trial court for a single sentencing hearing on three cases. Graham was being sentenced for the following circuit court cases: 97-653, possession of cocaine with intent to sell and sale of cocaine; 97-654, possession of cocaine and sale of cocaine; and 97-655, possession of cocaine and sale of cocaine. The trial court first declared Graham to be a habitual felony offender. It then sentenced Graham for each count of sale of cocaine by placing him on concurrent terms of thirty years’ probation. The trial court ordered as a special condition of probation that Graham spend twenty-eight years in prison; however, the court suspended all but the first thirteen years. For the charge of possession of cocaine with intent to sell in case number 97-653, the trial court imposed a concurrent fifteen-year term of probation, with the special condition that Graham spend the first thirteen years in prison. For the remaining counts of possession of cocaine, the court sentenced Graham to time served in jail.
Graham argues that the trial court erred in ordering him to serve a term of incarceration that exceeded one year as a special condition of his probation. We agree. Section 948.03(6), Florida Statutes (1997), provides that incarceration as a special condition of probation shall not exceed 364 days and shall be restricted to certain types of facilities, which alternatives do not include state prison.[1] As imposed, the sentences on the three sale of cocaine charges and the possession of cocaine with intent to sell charge violate section 948.03. See Solis v. State, 622 So.2d 584 (Fla. 2d DCA 1993) (citing Villery v. Florida Parole & Probation Comm’n, 396 So.2d 1107 (Fla.1980), modified on other grounds sub nom., Van Tassel v. Coffman, 486 So.2d 528 (Fla.1986)).
Although Graham’s counsel did not object below to the trial court’s imposition of these sentences, we conclude that the error is serious and patent and, therefore, reversal for resentencing is appropriate pursuant to Bain v. State, 730 So.2d 296 (Fla. 2d DCA 1999).
*609 Judgments affirmed; sentences reversed and remanded.
FULMER, A.C.J., and GREEN and STRINGER, JJ., Concur.

. Section 948.03(6) provides in pertinent part:
The enumeration of specific kinds of terms and conditions shall not prevent the court from adding thereto such other or others as it considers proper.... However, if the court withholds adjudication of guilt or imposes a period of incarceration as, a condition of probation or community control, the period shall not exceed 364 days, and incarceration shall be restricted to either a county facility, a probation and restitution center under the jurisdiction of the Department of Corrections, a probation program drug punishment phase I secure residential treatment institution, or a community residential facility owned or operated by any entity providing such services.