IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

LORENZO KEANDRE SMITH,

       Petitioner,

v.                                                                  Case No.  5D22-1663
                                                                    LT Case No. 2019-CF-007172-A-O

STATE OF FLORIDA,

       Respondent.

_____/

LORENZO KEANDRE SMITH,

       Petitioner,

v.                                                                  Case No.  5D22-1688
                                                                    LT Case No. 2020-CF-001103-A-O

STATE OF FLORIDA,

       Respondent.

_____/

Opinion filed October 3, 2022

Petition for Writ of Prohibition,
Wayne C. Wooten, Respondent Judge.

Robert Wesley, Public Defender, and
Robert Thompson Adams IV,
Assistant Public Defendant,
Orlando, for Petitioner.

Ashley Moody, Attorney General,
Tallahassee, and
Roberts J. Bradford, Jr.,
Assistant Attorney General,
Daytona Beach, for Respondent.

WOZNIAK, J.

Lorenzo Smith has filed essentially identical petitions for writ of prohibition seeking therein to prohibit the trial court from proceeding in his two underlying violation of probation cases for lack of jurisdiction.[1] He contends that when his jail credit for time served awaiting disposition is correctly credited against the overall probationary term in each case, it is clear he was no longer serving probation at the time the affidavits of violation of probation were filed, leaving the trial court without jurisdiction over the violation of probation proceedings. We agree and grant the petitions.

We begin by observing that a writ of prohibition premised on a lack of jurisdiction is appropriate only where it is clear that the lower tribunal is without jurisdiction or attempting to act in excess of its jurisdiction. *State v. Jackson*, 306 So. 3d 936, 944 (Fla. 2020) (observing that prohibition may

---

[1] Although separate petitions were filed, we have chosen to address them in a single opinion inasmuch as Smith's two petitions arise out of the same facts and circumstances, involve the same parties, and present the same issue, namely the trial court's jurisdiction to consider the alleged violations of probation where the probation violation affidavits were assertedly filed after Smith's probation had concluded.

2

only be granted when it is shown that a lower court is without jurisdiction or attempting to act in excess of jurisdiction); *Golub v. Golub*, 325 So. 3d 164, 171 (Fla. 5th DCA 2021) ("A writ of prohibition is intended to be 'very narrow in scope and operation and must be employed with caution and utilized only in emergency cases to prevent an impending injury where there is no other appropriate and adequate legal remedy.'" (quoting *Mandico v. Taos Constr., Inc.*, 605 So. 2d 850, 854 (Fla. 1992))).

It is established law that when a defendant has been placed on probation, the sentencing court loses jurisdiction over the defendant once the probationary period expires unless proceedings to modify or revoke probation have been instituted in the interim. *See* § 948.04(2), Fla. Stat. (2020) ("Upon the termination of the period of probation, the probationer shall be released from probation and is not liable to sentence for the offense for which probation was allowed."); *State v. Hall*, 641 So. 2d 403, 404 (Fla. 1994) ("It has long been the rule that 'upon expiration of the probationary period the court is divested of all jurisdiction over the person of the probationer *unless in the meantime the processes of the court have been set in motion for revocation or modification* of the probation . . . .'" (quoting *Carroll v. Cochran*, 140 So. 2d 300, 301 (Fla. 1962))). Thus, if the affidavits of probation violation were filed after Smith's probation ended, the trial court

3

had no jurisdiction to rule on the alleged violations, and Smith's motions to dismiss were erroneously denied.

We must thus determine the date Smith's probation concluded, which requires a review of the probation documents to determine precisely how the period of confinement was to be implemented vis-à-vis the period of probation. In both cases at issue here, the probation order imposes twenty-four months of supervised probation, with the condition that Smith complete a term of six months in jail with credit for time served. Smith maintains that the period of confinement was imposed as a condition of probation, as opposed to being a so-called probationary split sentence in which a period of confinement is followed by a period of probation. He is correct. The term of confinement was clearly a condition of probation, which arrangement is authorized by section 948.03(2), Florida Statutes (2020) (stating that "[t]he enumeration of specific kinds of terms and conditions does not prevent the court from adding thereto such other or others as it considers proper" and imposing requirements "if the court . . . imposes a period of incarceration as a condition of probation").[2]

---

[2] The authorization is not without limitation. When a sentencing court imposes a period of incarceration as a condition of probation, "the period may not exceed 364 days, and incarceration shall be restricted to either a county facility, or a probation and restitution center under the jurisdiction of the Department of Corrections." § 948.03(2), Fla. Stat. (2020).

4

Although the Legislature has expressly authorized incarceration as a condition of probation, it has not spoken on the proper application of jail time credit in an instance such as Smith's. No statute expressly directs that jail credit is to be applied to the entire probationary period. However, the courts have filled that void. Building upon the Florida Supreme Court's finding in *Van Tassel v. Coffman*, 486 So. 2d 528, 529–30 (Fla. 1985), that there is "a legislative intent to grant gain time to the prison punishment of all offenders, whether by the historic straight sentence, the now authorized split sentence, or probation which contains a condition of imprisonment," this Court, in *Griner v. State*, 523 So. 2d 789, 790 (Fla. 5th DCA 1988), concluded, "Following the logic of *Van Tassel*, we can discern no reason for denying credit for prior jail time to one confined as a condition of probation." Indeed, this Court has consistently so held. *See, e.g.*, *Belt v. State*, 748 So. 2d 386 (Fla. 5th DCA 2000) (holding, where incarceration was imposed as condition of probationary term, proper calculation of probationary term requires jail credit be given against entire probationary term); *Greer v. State*, 605 So. 2d 178 (Fla. 5th DCA 1992) (observing defendant entitled to jail time credit as matter of law; remanding for amendment of sentence to provide such credit against county jail time ordered as condition of community control).

To be clear, we have concerns regarding the absence of express statutory authority for the award of jail time credit to the entire probationary period; however, we are bound to follow the precedent of the Florida Supreme Court and this Court permitting it. Thus, we agree with Smith that based on this precedent, where probation has been imposed with jail time as a condition thereof, any jail time credit for time served is to be applied to the entire term of probation. By properly crediting Smith with his jail time credit against the entire probationary term in each case and comparing that date with the date the affidavit of violation was filed in each case, we must conclude that his probationary terms had terminated prior to the date the affidavits of violation were filed.

Using one of his cases to illustrate the correct computation of the termination date of probation, Smith was placed on twenty-four months' probation on May 21, 2020. The last day of the probationary term, i.e., the last day on which Smith would be on probation, but for the jail credit, was thus on or about May 20, 2022. Crediting May 20, 2022, and another 116 days, places the end date of probation, i.e., the last date on which Smith would have been on probation, on or about January 23, 2022. Because the affidavit of violation was filed over two months after Smith's probation had concluded, the trial court had no jurisdiction to proceed in that case. Similar

6

calculations reflect that the affidavit in the remaining case was also filed after the probationary period had ended. Thus, the trial court was divested of jurisdiction to proceed in either case.

Because the trial court should have granted Smith's motions to dismiss the violation of probation proceedings, we grant the petitions for writ of prohibition. As we are confident that the trial judge will promptly comply with this Court's opinion, we withhold formal issuance of the writ.

PETITIONS GRANTED; WRITS WITHHELD.

SASSO and NARDELLA, JJ., concur.