# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-1707
_____

DEMARI DENNARD MEDLEY,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Alachua County.
James Matthew Colaw, Judge.

August 6, 2025

RAY, J.

Demari Medley appeals the trial court's order revoking his probation and sentencing him to prison. He contends that the court lacked jurisdiction over the violation proceedings because, in his view, his probation had already expired when the affidavits of violation were filed. At issue is whether a probationer is entitled to have credit for time spent in jail prior to sentencing reduce not only the jail term imposed as a condition of probation, but also the overall length of the probationary period. The answer is no. Unless the trial court expressly provides otherwise, jail credit applies only to the period of incarceration and does not affect the duration of probation. We affirm.

*Background*

The State charged Medley in case number 20-CF-508 with burglary of an unoccupied conveyance (count 1) and petit theft (count 2). That same day, in case number 20-CF-528, the State charged him with burglary of an occupied dwelling (count 1), grand theft of a dwelling (count 2), dealing in stolen property (count 3), and pawnbroker transaction fraud (count 4). On April 30, 2020, Medley entered a negotiated plea of no contest to all charges. For count 2 in case number 20-CF-508, the court sentenced him to time served. For all remaining counts in both cases, the court imposed 48 months' probation with a special condition that he spend 120 days in jail, with credit for 76 days' time served.

In March 2024, Medley was arrested for burglary of an unoccupied conveyance and grand theft. Based on those new law offenses, the State filed affidavits of violation of probation in both cases and warrants issued. Following an evidentiary hearing, the trial court found that Medley violated the terms of his probation. The court revoked his probation and imposed concurrent prison terms totaling 15 years.

Medley now contends that the trial court lacked jurisdiction to revoke his probation because his probationary period had already expired when the State filed the affidavits of violation. He acknowledges the affidavits were filed within the 48-month period but argues that the 76 days of jail credit should have reduced not only his jail term, but also the overall length of his probation. In his view, probation should have ended 76 days early, in mid-February 2024.

*Analysis*

If Medley were correct about how jail credit applies, the trial court would have lost jurisdiction by the time the State filed the violation charges. *See* § 948.04(2), Fla. Stat.; *State v. Hall*, 641 So. 2d 403, 404 (Fla. 1994). But Medley's argument rests on a flawed premise. The credit he received for time served applied only to the custodial condition of his probation. It did not shorten the length of his probation.

2

As a threshold matter, nothing in the probation order reflects an intent to apply jail credit to the full probationary term. To the contrary, under a separate heading labeled "INCARCERATION DURING PORTION OF SUPERVISION SENTENCE," the trial court directed that Medley be "confined in County Jail for a term of 120 days with credit for 76 days jail time." The credit was expressly tied to the period of incarceration, not to the term of probation.

Medley nevertheless argues that he was entitled, as a matter of law, to have that credit applied to the entire probationary period. He relies on *Smith v. State*, 348 So. 3d 1208 (Fla. 5th DCA 2020), which addressed the same legal issue presented here based on an identical factual scenario. There, the Fifth District held that "where probation has been imposed with jail time as a condition thereof, any jail time credit for time served is to be applied to the entire term of probation." 348 So. 3d at 1210.

In reaching its conclusion, the Fifth District observed that although the Legislature has authorized incarceration as a condition of probation, it has not addressed how jail credit should be applied in cases like this. *Id.* With no clear statutory guidance, the court turned to judicial decisions, relying on *Van Tassel v. Coffman*, 486 So. 2d 528 (Fla. 1986), along with its earlier decisions in *Griner v. State*, 523 So. 2d 789 (Fla. 5th DCA 1988), *Greer v. State*, 605 So. 2d 178 (Fla. 5th DCA 1992), and *Belt v. State*, 748 So. 2d 386 (Fla. 5th DCA 2000). *Id.* While the court candidly acknowledged its concern over the lack of express legislative authority for applying jail credit to the full probationary period, it found the existing cases controlling and applied the credit accordingly. *Id.*

We respectfully decline to follow *Smith*. We share its concern about the absence of a legislative directive governing the application of jail credit in this context, but we find *Van Tassel* distinguishable. In our view, *Van Tassel* addressed a different issue entirely: "whether a defendant whose probation is conditioned upon serving jail time may have that *conditional time shortened* by the operation of *gain time*." 486 So. 2d at 528 (emphasis added). The supreme court answered that question in the affirmative, reasoning that the nature of confinement—

3

whether imposed as part of a straight sentence, a split sentence, or as a condition of probation—should not affect eligibility for gain time to the prison punishment of all offenders. *Id*. at 530. The concern in *Van Tassel* was with ensuring that probationers who serve time in custody as a condition of probation are not treated more harshly than similarly situated inmates serving traditional sentences. *Id*. But the court made no holding, express or implied, on whether gain time or jail credit reduces the length of a probationary term.

This court has relied on *Van Tassel* to hold that jail credit applies "against the period of incarceration which was imposed as a condition of his community control." *Willis v. State*, 543 So. 2d 343, 343 (Fla. 1st DCA 1989). But neither *Van Tassel* nor our own decisions support applying jail credit to the probationary term itself, unless the combined jail and probation time would exceed the statutory maximum sentence. *See Triatik v. State*, 267 So. 3d 535, 538 (Fla. 1st DCA 2019); s*ee also Robinson v. State*, 502 So. 2d 1306 (Fla. 1st DCA 1987).

Consider it this way: suppose a defendant is placed on probation with no jail time as a condition but spends 76 days in jail awaiting sentencing. Is he automatically entitled to have that time reduce the length of his probation? Clearly not. Jail credit applies to time spent in jail as a condition of probation because time spent in jail offsets a custodial component of the disposition—jail counts against jail. But probation, by its nature, is not equivalent to incarceration. Jail does not substitute for probation, and time spent in jail awaiting sentencing does not automatically shorten a probationary term.

In sum, because Medley was not entitled to have his jail credit applied to the full probationary period, the trial court had jurisdiction to revoke his probation and impose a prison sentence. We affirm and certify conflict with *Smith*.[*]

---

[*] We do not find the Fifth District decisions cited in *Smith* persuasive on this issue. Of the three cases referenced, only *Belt* is arguably on point. Yet *Belt* offered no meaningful rationale or explanation to support its conclusion.

AFFIRMED; CONFLICT CERTIFIED.

KELSEY and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Jessica J. Yeary, Public Defender, and Joel Daniel Arnold, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and David Welch, Assistant Attorney General, Tallahassee, for Appellee.

5